### Richmond

REICHENSTEIN V. VIRGINIA RAILWAY AND POWER COMPANY.

January 15, 1914.

1. APPEAL AND ERROR—*Two Trials Below—Look to Evidence on First Trial.*—Where there have been two trials of an action, the statute requires this court to look first to the evidence on the first trial, and if the trial court erred in setting aside the verdict on that trial, to set aside all proceedings subsequently to that verdict, and to enter up judgment thereon.

2. APPEAL AND ERROR—*Two Trials Below—Refusal of Proper Instruction on First Trial—No Evidence at Second Trial.*—Where there have been two trials in the court below, and the record does not disclose on what ground the court set aside the first verdict, but does show that an instruction was asked for by the defendant, which should have been given, but was refused, which would of itself have been good ground for setting aside that verdict, and no evidence at all was offered on the second trial, and judgment was entered for the defendant, this court, on a writ of error, will affirm the judgment.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. M. Brandt,* for the plaintiff in error.

*Henry W. Anderson, W. H. Venable* and *Andrew D. Christian,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the plaintiff in error against the defendant in error to recover damages for personal injuries sustained in collision with one of its street cars through the alleged negligence of the defendant. There were two trials in the court below. The jury at the first trial returned a verdict in favor of the plaintiff which the court set aside. At the second trial the case was submitted to the court and, no evidence having been offered, the court found for the defendant.

In this situation the rule of decision is that this court must look to the evidence on the first trial, and if the trial court erred in setting aside the verdict on that trial all subsequent proceedings will be annulled and judgment entered thereon. Acts 1891-2, p. 962.

The record does not inform us upon what ground the court set aside the verdict. In the view we take of the case it is not necessary to review the evidence. Yet it may be observed that leaving out of consideration the evidence of the defendant, the testimony of the plaintiff's witnesses on some of the essential points of the case was conflicting, confused and inherently unreliable.

However, without resting our decision on the insufficiency of the evidence as a whole, we are of opinion that the court erred in rejecting the prayer of the defendant for an instruction on the doctrine of concurrent negligence. The personal testimony of the plaintiff was sufficient to entitle the defendant to such an instruction.

The accident occurred about seven o'clock on the night of February 15, 1912, while the plaintiff was crossing Church street, in the city of Norfolk, about the center of a block, from west to east. Pipes had recently been laid in the street, and from a heavy rainfall the space between the eastern rail of the company's track and the sidewalk was filled with mud and water. When the plaintiff reached the eastern rail, she stopped to see how she might cross

the intervening space to the sidewalk. She says: "I was not in a hurry to step for the sidewalk because there was a big lot of mud and water there." She also says she remained in that position two minutes. Whatever may have been the length of time, she stayed there until the collision occurred. It is true she claims to have kept a constant lookout for cars, and that she did not see the colliding car until it struck her; but that was a physical impossibility. Some of her witnesses testified that the lighted car could be seen two squares away. Hence, if she looked she must have seen the car and one step would have put her in a safe place; and if she did not look she was guilty of negligence. And that condition continued down to the moment of the impact which caused the injury.

In these circumstances the refusal of the trial court to give the instruction prayed for by the defendant would have justified its subsequent action in setting aside the verdict and ordering a new trial.

It follows from what has been said that the judgment complained of is without error and must be affirmed.

*Affirmed.*