## Richmond.

## DERRING'S ADMINISTRATOR V. VIRGINIA RAILWAY AND POWER COMPANY.

### March 21, 1918.

1. STREET RAILROADS—*Crossings—Contributory Negligence—Stepping on Track—Case at Bar—Last Clear Chance.*—Plaintiff's intestate was killed by being struck by a car of defendant, an electric interurban railway, which he had intended to board. Defendant's station was on the west side of the tracks and in order to reach it it was necessary for plaintiff's intestate to cross over the tracks. When a short distance from the tracks plaintiff's intestate and his brother, who was accompanying him, heard and saw the car approaching at a distance of 150 to 200 yards from the station. The car was running at a rate of from twenty to twenty-five miles per hour and carried a dim light. Seeing the car approaching, they quickened their speed, and as they approached saw several persons on the station platform signaling the car to stop. The car was scheduled to stop on signal and had uniformly theretofore done so, but on this occasion it neither slackened its speed nor stopped, and in continuing its course struck the intestate, who was attempting to cross the track, inflicting the injury of which he subsequently died. The car was in full view from the time it was first observed at a distance of 150 to 200 yards until the intestate was struck, and the evidence showed that the intestate was looking at the approaching car.

   *Held:* That the contributory negligence of plaintiff's intestate barred a recovery for his death; and that the doctrine of last clear chance was not applicable.

2. STREET RAILROADS—*Crossings—Contributory Negligence—Stepping on Track—Case at Bar—Last Clear Chance.*—The intestate was laboring under no physical disability. The car was in full view, and he was "looking at the car approaching." The motorman had the right to assume that he would not step in front of it. It was his duty to see that the car had slackened its speed or stopped before going on the track in such close proximity to it. The fact that he was a passenger gave him no right to step upon the track in close proximity to the rapidly approaching car.

3. CARRIERS OF PASSENGERS—*Liability for Injuries—Insurer.*—A carrier is not an insurer of the safety of its passengers.

Error to a judgment of the Circuit Court of Norfolk county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Page, Page & Page* and *S. Burnell Bragg,* for the plaintiff in error.

*Williams, Tunstall & Thom* and *W. P. Marks, Jr.,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This is an action to recover for the negligent killing of the plaintiff's intestate. There was a demurrer to the evidence by the defendant company which the trial court sustained, and to the judgment sustaining the demurrer this writ of error was awarded. The judgment of the trial court is so plainly right that it would seem unnecessary to do more than merely state the facts.

The plaintiff's intestate and his brother, J. A. Derring, had been fishing near Chesapeake station, in Norfolk county. This station is near Ocean View, on the double-track line of the defendant between Norfolk and Ocean View. The defendant operates an electric interurban and street railway line. The tracks at Chesapeake station run north and south, and the station is on the west side of the tracks. The intestate and his brother were on the east side of the tracks, and it was necessary for them to cross over the tracks in order to board the car for Norfolk. The country is flat and open at this point, the track is straight, and "you can see a long ways down the track." When a

short distance from the tracks, variously estimated by intestate's brother from "10, 15 or 20 steps" to "20 or 25 yards," they heard and saw the car approaching at a distance of 150 to 200 yards from the station. The car was running at a speed of twenty to twenty-five miles per hour and carried a dim light, or such a light as is generally used in the city, and not a bright headlight. Seeing the car approaching, they quickened their speed to a "lively walking gait," not exceeding four to six miles per hour, and as they approached they saw several persons on the station platform signaling the car to stop. The car was scheduled to stop on signal and had uniformly theretofore done so, but on this occasion it neither slackened its speed nor stopped, and in continuing its course struck the intestate, who was attempting to cross the track, inflicting the injury of which he subsequently died. The car was in full view from the time it was first observed at a distance of 150 to 200 yards until the intestate was struck, and his brother, who was with him at the time of the injury, when asked which way his brother was looking, answered, "It would be hard for me to answer a question like that. Unless a man was a lunatic he would be bound to be looking at the car approaching;" and when asked, "Do you mean he was looking in that direction?" replied, "Of course, he was a man going to cross a track, and he generally looked out for himself. He would be very foolish if he didn't."

It is unnecessary to cite authority to support the judgment of the trial court. The application of the simplest principles to the facts bars recovery. If it be conceded that the intestate was a passenger, and that the defendant was negligent in not having a larger headlight, and in not slowing down or stopping its car at the station, the plaintiff is still not entitled to recover. The intestate was laboring under no physical disability. The car was in full view,

and he was "looking at the car approaching." The motorman had the right to assume that he would not step in front of it. It was his duty to see that the car had slackened its speed or stopped before going on the track in such close proximity to it. The fact that he was a passenger gave him no right to step upon the track in close proximity to the rapidly approaching car. A carrier is not an insurer of the safety of its passengers. Nor do the facts warrant an application of the doctrine of the "last clear chance." The intestate's own negligence is a bar to any recovery for his unfortunate death. Compare *Manors* v. *Detroit United Railways,* 168 Mich. 155, 130 N. W. 664, L. R. A. 1917c, 689; *Va. Ry. & P. Co.* v. *Harris,* 122 Va. , 95 S. E. 403, decided at this term.

The judgment of the trial court is plainly right and must be affirmed.

*Affirmed.*