𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## VIRGINIA RAILWAY AND POWER COMPANY V. HARRIS.

March 21, 1918.

1. STREET RAILROADS—*Contributory Negligence—Case at Bar.*— Plaintiff driving a two-horse delivery wagon along a street which intersected a street upon which defendant's street railway ran, approached the crossing of defendant's street railway driving at a slow rate of speed. When he reached the street upon which the railway was, plaintiff looked east, and discovering no car on the westbound track (the one nearest to him), he then looked west and saw a car on the eastbound track half a block away, coming toward the crossing. Although he knew that the car was dangerously near and was approaching rapidly, he paid no further attention to it, but continued to drive across the street upon which the street railway was, without accelerating his speed, and, without even looking in the direction of the car, drove on the track in front of it. Immediately before the collision, plaintiff hearing the noise of the car turned his head and looked, and the car, he testified, was "right on top" of him.

   *Held:* That, if the defendant was guilty of negligence, plaintiff's own negligence, which continued down to the moment of the collision, if not the proximate cause of the accident, at least efficiently and concurrently contributed thereto.

2. STREET RAILROADS—*Contributory Negligence—Case at Bar.*—It was plainly the duty of the plaintiff, when he discovered the approaching car, to keep a lookout on its movement, and to so regulate his own conduct as to avoid danger of collision. In the circumstances detailed, the dictate of common prudence demanded such precaution; and if plaintiff chose to disregard it, he was the author of his own misfortune and his contributory negligence defeats his right to recover for the consequent injury.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*H. W. Anderson, T. J. Moore* and *A. B. Guigon,* for the plaintiff in error.

*T. Gray Haddon* and *Thos. I. Talley,* for the defendant in error.

Whittle, P., delivered the opinion of the court.

This is a personal injury action in which the judgment under review, awarding damages to the defendant in error, was rendered against the plaintiff in error upon its demurrer to the evidence.

The Virginia Railway and Power Company owns and operates a double track electric line in the city of Richmond, which along Main street runs east and west. The west-bound track is located north of the center line of the street, while the east-bound track is placed south of that line. The plaintiff was the only witness who testified in the case. His evidence, so far as material to be stated, is as follows: He was employed by one of the wholesale grocery merchants of the city to drive a two-horse delivery wagon. On the afternoon of November 1, 1915, plaintiff was driving the empty wagon southwardly along Seventeenth street a short distance from its intersection with Main street. He was driving along the right-hand side of Seventeenth street at a slow rate of speed—one of the horses trotting slowly and the other walking. When the horses reached the northern line of Main street, the plaintiff first looked east, and discovering no car on the west-bound track (the one nearest to him), he then looked west and saw a car on the east-bound track half a block away, coming toward the crossing. Although he knew that the car was dangerously near and was approaching rapidly, he paid no further attention to

it, but continued to drive across Main street, without accelerating his speed (which he says was "a good ordinary walk for a fast walking horse"), and, without even looking in the direction of the car, drove on the track in front of it. Immediately before the collision, the plaintiff hearing the noise of the car turned his head and looked, and the car, he says, was "right on top" of him. It was a right angle collision, and when it occurred the horses had just cleared the track, and the car struck the front wheel of the wagon, the impact occasioning the injuries of which the plaintiff complains.

It is obvious from his version of the incident (assuming that defendant was guilty of negligence, which we do not think is shown), that plaintiff's own negligence, which continued down to the moment of the collision, if not the proximate cause of the accident, at least efficiently and concurrently contributed thereto. It was plainly the duty of the plaintiff, when he discovered the approaching car, to keep a lookout on its movement, and to so regulate his own conduct as to avoid danger of collision. In the circumstances detailed, the dictate of common prudence demanded such precaution; and if plaintiff chose to disregard it, he was the author of his own misfortune and his contributory negligence defeats his right to recover for the consequent injury.

We have many times denied recoveries in this class of cases. The following sufficiently illustrate the principles upon which this decision must rest: *Virginia Railway & Power Co.* v. *Johnson*, 114 Va. 479, 76 S. E. 916; *Reichenstein* v. *Va. Ry. & P. Co.*, 115 Va. 862, 80 S. E. 564; *Springs* v. *Va. Ry. & P. Co.*, 117 Va. 826, 86 S. E. 65.

The principle is clearly stated in *Manos* v. *Detroit United Railways*, 168 Mich. 155, 162, 130 N. W. 664, 666 [L. R. A. 1917 C, 689], as follows: "The crucial principle in this class of cases is that one who neglects to look for a car

when there is an unobstructed view, just before entering upon the track, and is struck by a car before he can walk directly across, is guilty of a neglect of duty in not assuring or reassuring himself that there is not a car directly upon him, of which situation the fact that he is struck is conclusive proof."

So, also, in *Fowler* v. *City of Seattle*, 90 Wash. 375, 156 Pac. 2, a recovery was denied a teamster, who, under circumstances substantially identical with those in the present case, drove on the track in front of an approaching car, of the dangerous. proximity of which he had knowledge, on the ground of contributory negligence.

It may also be observed that the cases of *Derring's Admr.* v. *Virginia Ry. & Power Company,* 122 Va. 517, 95 S. W. 405, and *Virginia Ry. & Power Company* v. *Boltz,* 122 Va. 649, 95 S. W. page 467, in which opinions were handed down at the present term, are indistinguishable in principle from this case.

It follows from what has been said that the judgment under review must be reversed; and this court will enter such judgment as the trial court ought to have entered, and will sustain the demurrer to the evidence and render judgment thereon for the demurrant, the Virginia Railway and Power Company.

*Reversed.*

SIMS, J., dissenting:

The majority opinion holds the plaintiff in the trial court guilty of contributory negligence *per se,* because he crossed the street railway track in front and in full view of an approaching car without looking in the direction of the car again after he had seen it when it was about half a block away.

With the utmost deference, I must say that I think such holding ignores the rule established in Virginia by the case of *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 43 S. E.

618, distinguishing street railway from steam railroad cases, in which, per opinion of Judge Buchanan, 101 Va. at page 387, 43 S. E. at page 620, this court said: "But vehicles between crossings may cross street car tracks in full view of approaching cars, if it is consistent with ordinary prudence to do so." Again, at page 388 of 101 Va., at page 621 of 43 S. E.: "Travelers may assume that street cars will give proper signals and not run at an excessive rate of speed, and they may properly walk, ride or drive across, or even along the tracks in full view of an approaching street car, if, under all the circumstances, it is consistent with ordinary prudence to do so." Again, at page 389 of 101 Va., at page 621 of 43 S. E.: "Whether or not the plaintiff was guilty of contributory negligence in driving across the street when he saw a car approaching one hundred yards off was a question for the jury under all the facts and circumstances of the case and was clearly not negligence as a matter of law." See to same effect, *N. & P. Traction Co.* v. *Forrest,* 109 Va. 658, 64 S. E. 1034; *Va. Ry. & P. Co.* v. *Meyer,* 117 Va. 409, 84 S. E. 742.

In the last cited case, the street car was about half a block away (just as in the instant case) when the plaintiff saw it approaching, and that case is otherwise, as it seems to me, directly in point in the instant case.

In the instant case, the plaintiff testified that he did not notice the speed of the car when he first saw it. He said on this subject: "I didn't pay any attention to how fast it was running when I first came into Main street; all I took notice of was a good distance off, about half a square."

In the Virginia cases cited in the majority opinion, there were other distinguishing circumstances in addition to the failure of the traveler to "look," except in the case of *Springs* v. *Va. Ry. & P. Co.,* 117 Va. 826, 86 S. E. 65. In the case of *Va. Ry. & P. Co.* v. *Johnson,* so cited, the added circumstance concerning the conduct of the plaintiff was

his driving with loose reins, which was the proximate cause of the accident, since otherwise he could have pulled his horse back and have avoided the collision after the car was nearly upon him. In the case of *Reichenstein* v. *Va. Ry. & P. Co.*, alike cited, the plaintiff hesitated about going on the track, stood by the side of it for some time, and then stepped on the track almost immediately in front of the moving car, in which situation the duty of looking before doing so arose, which she did not perform, and which was the proximate cause of her injury. As to the case of *Springs* v. *Va. Ry. & P. Co.*, also alike cited, that was a case of a pedestrian crossing the street railway track at Ocean View at a street crossing, and the court in that case applied the doctrine of the duty to "look and listen" which obtains in steam railroad cases, as appears from the opinion itself, and did not advert at all to the different doctrine applicable to street railways as aforesaid, certainly in cities. That was an interurban street railway, however, in which the defendant owned its own right of way, and there was no ordinance limiting the rate of speed. Therefore, while the distinction is not touched upon, doubtless for these reasons the court did not apply the urban street railway doctrine aforesaid to it. As to the case of *Derring's Admr.* v. *Va. Ry. & Power Co.*, 122 Va. 517, 95 S. W. 405, also alike cited in the majority opinion, that also is a case of an interurban railway and does not involve the rights of a pedestrian upon the streets of a city. As to the case of *Va. Ry. & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. W. 467, also alike cited, that did not involve the right of a traveler at a street crossing, but of a pedestrian crossing a street railway track midway of a block and very obliquely so as to undertake to walk along the street railway track in front of an approaching car under such circumstances as convicted her of concurring negligence. And, I feel very strongly that the doctrine of the case of *Richmond Traction*

*Co.* v. *Clarke, supra,* is correct upon principle and should not be departed from; and, hence, with the greatest deference, I am constrained to dissent from the majority opinion.