## 𝕎𝕪𝕥𝕙𝕖𝕧𝕚𝕝𝕝𝕖

ALEXANDER HENDRY V. VIRGINIA RAILWAY AND POWER CO.

June 16, 1921.

1. LAST CLEAR CHANCE—*Evidence—Burden of Proof.*—In order to apply the doctrine of discovered peril or last clear chance, the burden is upon the plaintiff, who is confessedly negligent, to prove by a preponderance of the testimony that, after his peril became imminent, there was a clear opportunity afforded the defendant to save him from the consequences of his own negligence, and this fact must be proved like any other fact upon which the plaintiff relies.

2. STREET RAILWAYS—*Last Clear Chance—Pedestrian Struck Immediately After Stepping on Track.*—If a pedestrian, in full possession of his faculties, having observed the near approach of a street car, neglects to pay any further attention to it, but with nothing to obstruct his view undertakes to cross the street in front of it, and is immediately struck, he is guilty of a clear neglect of duty in not assuring or reassuring himself that he can cross the track in safety, and the fact that he is thus immediately struck is convincing proof that there was no last clear chance to save him, and, therefore, that his own gross negligence is the proximate cause of his injury.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Broudy & Peck,* for the plaintiff in error.

*W. H. Venable, R. E. Miller* and *E. R. Williams,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

In this case there was a verdict in favor of the plaintiff in error, which the trial court set aside upon the ground that it was contrary to the evidence or without evidence to support it, and thereupon, by authority of Code 1919, section 6251, entered judgment in favor of the defendant, and this action is assigned as error.

[1] The controlling facts are few and may be thus stated: The plaintiff, a man fifty-five years old, in full possession of all his faculties, undertook to cross Main street in the daytime, at a point between East and Chapel street crossings, Norfolk, and was struck and injured by a street car. Just before or after he left the curb, he saw a street car approaching him from the east, on the west-bound or northern track, seventy-five or eighty feet away, and an automobile approaching from the west at about the same distance away, on the east-bound or southern track. He paid no further attention to the street car, and according to his own testimony stopped upon the northern track to avoid being struck by the approaching automobile, though according to the testimony of other witnesses he had fully crossed that track and suddenly stepped back on it in front of the approaching car. His own negligence is conceded, but he seeks to sustain a recovery upon the claim that the doctrine of discovered peril, or last clear chance, applies, and that by the exercise of proper care the street car could have been stopped in time to have avoided the accident after his peril became apparent. We cannot sustain this contention, because the testimony does not justify such a conclusion. It makes no difference whether he had entirely crossed the track upon which he was injured and suddenly stepped back, or whether he stopped suddenly upon the track in front of the approaching car. In order to apply that doctrine, the burden is upon the plaintiff, who is confessedly negligent, to

prove by a preponderance of the testimony that after his peril became imminent there was a clear opportunity afforded the defendant to save him from the consequences of his own negligence, and this fact must be proved like any other fact upon which the plaintiff relies. *Real Estate etc. Co.* v. *Gwyn,* 113 Va. 337, 74 S. E. 208; *Norfolk Southern R. Co.* v. *Smith,* 122 Va. 302, 94 S. E. 789; *Gunter* v. *Southern Ry. Co.,* 126 Va. 565, 101 S. E. 885; *Gordon's Adm'r* v. *Director General,* 128 Va. 426, 104 S. E. 796.

This case is controlled by the doctrines so clearly stated in the recent cases of *Virginia Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and *Virginia Railway & Power Co.* v. *Harris,* 122 Va. 657, 95 S. E. 403.

[2] One fundamental rule in this class of cases is, that if a pedestrian in full possession of his faculties, having observed the near approach of a street car, neglects to pay any further attention to it, but with nothing to obstruct his view undertakes to cross the street in front of it, and is immediately struck, he is guilty of a clear neglect of duty in not assuring or reassuring himself that he can cross the track in safety, and the fact that he is thus immediately struck is convincing proof that there was no last clear chance to save him, and therefore that his own gross negligence is the proximate cause of his injury.

The rule is the same in other jurisdictions.

In *Holian* v. *Boston Elevated R. Co.,* 194 Mass. 74, 80 N. E. 1, 11 L. R. A. (N. S.) 166, it is held that where a pedestrian, after having seen an approaching car eighty feet distant, while standing on the sidewalk, attempted to cross without further precautions, when she might have prevented the accident either by quickening her pace or waiting, is guilty of contributory negligence as a matter of law, and in the absence of any other circumstance showing negligence on the part of the company cannot recover.

In *Robinson* v. *Union R. Co.*, 121 App. Div. 558, 106 N. Y. Supp. 203, it is held that where a plaintiff, as he was about to step on a street railway track in crossing a street at night, looked and saw a car which was approaching sixty, seventy-five or eighty feet away, and as he got to the middle of the track looked again and the car was so close that he jumped but was hit before he got off the track, there being nothing to prevent him from seeing the car at the time, was. not entitled to recover, it being impossible for him to have been struck but for his own negligence; and that this was true, even though the head-light may have gone out as the car was approaching.

In *Meyer* v. *Pittsburg, etc., Traction Co.*, 189 Pa. 414, 42 Atl. 41, it was held that where one who was at the side of a street, not at a crossing, saw two cars approaching from opposite directions, and undertook to cross both tracks between the cars, he could not recover as a matter of law.

The cases are collected in a note to *Manos* v. *Detroit United Railway*, 168 Mich. 155, 130 N. W. 664, L. R. A. 1917 C, 692.

The judgment of the trial court is plainly right.

*Affirmed.*