## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### W. C. MARVEL, WHO SUES, ETC., v. VIRGINIA RAILWAY AND POWER COMPANY.

#### March 20, 1924.

STREET RAILROADS—*Crossings—Contributory Negligence—Stop, Look and Listen.*—In the instant case, an action by the owner of an automobile damaged by a street car of defendant by a collision at a street crossing, it was clear from the evidence that plaintiff saw and realized the rapid approach of the car, or could have seen its approach in time to have prevented the accident.

*Held:* That the concurring negligence of the plaintiff, either in failing to look in time, or in failing to stop, or in failing to turn his automobile either to the right or the left, contributed to the collision and barred his recovery.

Error to a judgment of the Hustings Court of the city of Portsmouth, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Garnett, Taylor & Edwards,* for the plaintiff in error.

*Venable, Miller, Pilcher & Parsons,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff, who sues for the benefit of his assignee, Georgia Casualty Company, complains of an adverse judgment on the defendant's demurrer to the evidence.

The facts disclosed by the plaintiff's evidence may be thus summarized: His automobile was damaged by a collision with a west bound car of the company while he was driving north along Washington street and across High street, Portsmouth. High street is ninety-three feet wide, and from the southern building line to the southern rail of the westbound track is forty-four feet. The street is level, the vision unobstructed for several squares, and there was no interfering street traffic at the time of the collision. The speed of the street car was fixed at thirty miles per hour by one of the plaintiff's witnesses who was driving his automobile alongside of it just before it reached the Washington street intersection, who then observed his own speedometer. The speed of the plaintiff's automobile is by him fixed at seven or eight miles an hour, and he could have stopped it within five feet. That the plaintiff could and should have seen the rapidly approaching street car as soon as he passed the building line of High street, forty-four feet before he reached the point of the collision, is manifest. His testimony as to when he actually saw it, however, is not clear. He says that he did not see it until he "ventured across the street," and then he "saw it about the parsonage, which was about 140 feet away." It is shown that this parsonage is actually 200 feet east of the place referred to. He says also that he was "practically one-third across the street," and that when he got to the sidewalk he looked up and down High street, admits that the approaching car was then within his line of vision, and then follow a number of statements which cannot be reconciled, as that it was then 140 or 150 feet away, that it was the same distance away when he was about to cross the southern rail of the eastbound track, that he was there before he noticed the street car, that he "noticed it

right along. Of course, I saw the street car coming right along," that he knew it was coming "at speed," and that he made no effort to stop.

It seems to us perfectly clear from this testimony that certainly he saw and realized the rapid approach of the car before he reached the first rail of the eastbound track, and if this is not true, then his failure to observe it constitutes negligence which bars his recovery. It is equally apparent that if at that time the street car was 140 feet or more away there would have been no collision, because it would have been physically impossible for the street car to traverse the intervening distance within the few seconds which would have been required for the plaintiff to cross the tracks in safety. The street car, therefore, must have been very much closer at that time, and the concurring negligence of the plaintiff, either in failing to look in time, or in failing to stop, or in failing to turn his automobile either to right or left, contributed to the collision and bars any recovery.

This case is controlled by the principles stated in these cases: *Va. Ry. & Power Co.* v. *Johnson*, 114 Va. 479, 76 S. E. 916; *Reichenstein* v. *Va. Ry. & Power Co.*, 115 Va. 862, 80 S. E. 564; *Springs* v. *Va. Ry. & Power Co.*, 117 Va. 826, 86 S. E. 65; *Dorring's Adm'r* v. *Va. Ry. & Power Co.*, 122 Va. 517, 95 S. E. 405; *Va. Ry. & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. E. 467; *Va. Ry. & Power Co.* v. *Harris*, 122 Va. 657, 95 S. E. 403; *Hendry* v. *Va. Ry. & Power Co.*, 130 Va. 282, 107 S. E. 715; *Stephen Putney Co.* v. *Crosby's Adm'r*, 129 Va. 297, 105 S. E. 563.

*Affirmed.*