# Richmond.

## MAX BERENT v. VIRGINIA ELECTRIC AND POWER COMPANY.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

*S. M. Brandt* and *Moses Ehrenworth*, for the plaintiff in error.

*W. H. Venable, T. Justin Moore* and *N. L. Flippen*, for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

Plaintiff instituted his action against the Virginia Electric and Power Company, seeking to recover damages for personal injuries to himself and damage to his automobile as the result of a collision with a street car of the company.

The street car was running south along Hampton boulevard, while the automobile, driven by the plaintiff, had proceeded along Hampton boulevard in a northerly direction, so that the vehicles were meeting. The plaintiff saw the approaching street car half a block distant, saw that it was moving rapidly, but paid no further attention to it, and without again looking at it, turned to the left and attempted to drive his automobile across the street car tracks of defendant at Twenty-eighth street, immediately in front of the street car, the inevitable result of which was a collision

on the southbound track. There was a colored man also in the automobile, an employee of the plaintiff, spoken of in the testimony as "the boy."

There was a jury trial and a verdict for $3,000.00 in favor of the plaintiff, which on motion of the defendant was set aside as contrary to the evidence and because of the negligence of the plaintiff in the operation of his automobile at the time and as a concurring cause of the collision. Final judgment was thereupon entered for the defendant, and the plaintiff assigns error.

In support of his conclusion, the trial judge, Honorable Allan R. Hanckel, thus expresses his reasons therefor:

"This is a motion to set aside the verdict of the jury and enter judgment for the defendant.

"A careful consideration of the evidence of the plaintiff himself shows that he did not exercise proper care for his own safety up to the time of the accident. He says that he first 'saw the car half a block away' and that 'when he got pretty close to the corner (the boy) hollered "Oh Lordy" and I turned my head toward him and the street car was pretty close to us and I went faster and I was positive we could escape the street car and all of a sudden I remembered flying in the air.' He said that he was driving eight or ten miles an hour and that there is a 'big wide space between the tracks, the street there is very wide, as wide as City Hall avenue,' and that there was nothing to obstruct the view. When asked if he saw the street car any more after he started to turn (into 28th street) until the boy hollered, he answered: 'No, I didn't pay more attention to it. I kept looking where I was going * * * the boy hollered "Oh Lordy" and I didn't know what he hollered for and I turned and saw the street car.' When asked if he looked any

more since the street car was half a block away, he answered: 'No; It was coming this way and I was going that way * * * I didn't look after I turned the corner. I was going straight along 28th street.' When asked about his brakes he said he had good brakes and that the car had been fixed a week before the accident. That he could stop in less than five feet when going five miles an hour.

■■ "From all this it is clearly apparent that he did not look towards the street car after he made the turn at 28th street, but seeing persons standing on the sidewalk waiting to board the car, he assumed it was going to stop and take up passengers. This may or may not be excusable assumption on his part, but it does not justify a recovery against the defendant. Before he can recover he must continue to look and keep out of obvious danger. As the court says in a similar case (*Derring's Adm'r* v. *Va. Ry. & P. Co.*, 122 Va. 517, 95 S. E. 405): 'It was his duty to see that the car had slackened its speed or stopped before going on the track in such close proximity to it.' He did not look at all after making the turn at 28th street, and his own negligence is a bar to any recovery.

■ "The best that can be made of the plaintiff's case is one of concurring negligence, even if we assume that the motorman was negligent, which is not at all clear. His speed was not excessive, he sounded his gong and had a right to assume that the plaintiff would not drive on the track right in front of a rapidly approaching street car.

"The verdict must be set aside and judgment entered for the defendant."

It is necessary to add little, if anything, to this convincing statement. The rules of law applicable to such cases have been so frequently stated that it seems

to us entirely unnecessary to repeat them in this case. There are, of course, varying facts in each case, and sometimes it is difficult to apply the correct rule of law. It helps little to quote conclusions and to repeat incidents shown in other somewhat similar cases apart from all of the other peculiar circumstances of such other cases.

The facts found by the trial judge are amply supported by the testimony and could be supplemented by statements of similar import equally convincing as to the negligence of the plaintiff. The case is controlled by the rules enforced in these cases: *Virginia Ry. & Power Co. v. Johnson*, 114 Va. 579, 76 S. E. 916; *Reichenstein v. Va. Ry. & Power Co.*, 115 Va. 862, 80 S. E. 564; *Springs v. Va. Ry. & Power Co.*, 117 Va. 826, 86 S. E. 65; *Derring's Adm'r v. Va. Ry. & Power Co.*, 122 Va. 517, 95 S. E. 405; *Va. Ry. & Power Co. v. Boltz*, 122 Va. 649, 95 S. E. 467; *Va. Ry. & Power Co. v. Harris*, 122 Va. 657, 95 S. E. 403; *Hendry v. Va. Ry. & Power Co.*, 130 Va. 282, 107 S. E. 715; *Stephen Putney Shoe Co. v. Ormsby's Adm'r*, 129 Va. 297, 105 S. E. 563; *Marvel v. Va. Ry. & Power Co.*, 138 Va. 532, 121 S. E. 882; *Meade v. Saunders*, 151 Va. 636, 144 S. E. 711; *Cashell v. Southern Ry. Co.*, 152 Va. 335, 147 S. E. 209.

*Affirmed.*