# Richmond

FOSCOLO HENDRICKS v. VIRGINIA ELECTRIC AND POWER
COMPANY.

January 11, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory
and Chinn, JJ.

The opinion states the case.

*James G. Martin, I. W. Jacobs* and *Samuel W. Segal,* for the plaintiff in error.

*T. Justin Moore, Williams, Loyall & Taylor* and *A. G. Robertson,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

On March 10, 1932, the plaintiff was injured in a crossing accident. He has lost one leg and was otherwise hurt. In this action for damages he recovered a verdict for $12,500. That verdict the trial court set aside because of insufficient evidence and entered final judgment for the defendant.

From Tanner's creek in the city of Norfolk to the Naval Base, about eight miles away, the defendant operates an electric stret car line on double tracks. It owns in fee a thirty-foot strip of land upon which they are laid. On each side is a paved roadway. All of these facilities of transportation go under the general name of Hampton boulevard, but the two roadways, one intended for north and one for southbound traffic, are not in fact one highway, but are separated in the manner stated.

The point of accident, although within the corporate limits of Norfolk, is, as a physical fact, in the country and not in the city. Accurately speaking, it is in an undeveloped suburban district, at a regular street crossing,

in good condition and filled with cinders to the level of the car rail.

On the day the accident occurred and about 1 o'clock in the afternoon, plaintiff, who had had some trouble with his automobile, left it standing on the roadway to the east and started across the tracks on this cinder crossing, intending to board a southbound car coming along the western track, that he might return to the city. He either stumbled or slipped and fell across the west rail. The fall, to use his expression, "knocked the wind out of me," but he managed to drag his body from the rail. The right leg did not clear it and was crushed, as was part of the left foot.

Adopting his estimate of distances, the car was about seventy-five feet away when he signalled it to stop, and was thirty or thirty-five feet distant when he stepped upon the southbound track. This last statement he later modified and said that the car was probably fifty feet away when he stepped upon it and was from thirty to thirty-five feet away when he reached its center. The day was cold and he was at that time putting on a pair of gloves, but was looking at the approaching car "practically all the time," and it was not until he was actually on the car track and noticed its rapid approach that he appeared to become conscious of danger. He then hurried, stumbled, or slipped, and fell across the west rail.

On the west side of the right of way, forty feet to the north of the crossing, was an electric light pole with a sign upon it indicating a station stop. There was such a stop there, but the terrain shows that it could not have been intended to stop the car on the near side of the crossing, as is probably the custom in the city proper, to take on and let off passengers. The track itself is made up of T rails laid on cross ties. The ends of these ties are on the surface of the ground and from their ends it slopes away to a ditch. It is true that the plaintiff said that he intended to go to this pole to board the car, but we cannot readily believe that any intelligent passenger would have

thought that he was expected to stand in a ditch for that purpose. As a matter of fact, he did not, when he left his automobile, go to this pole, but undertook to cross the tracks on the cinder roadway. Even if we assume that he thought the stop was by the pole, he was not justified in reaching any such conclusion. It was not there and the defendant was not negligent in failing to stop its car where no stop was intended.

In the recent case of *Lucas* v. *Craft, ante,* page 228, 170 S. E. 836, we had occasion to consider the relative rights of pedestrians and vehicles at city crossings, as defined and modified by statutes (Acts 1926, ch. 474, section 73, as amended by Acts 1928, ch. 399, p. 1025), and do not desire to recede from or to modify anything which was there said. But this case does not come within their purview. This crossing was a private one, put there, it is true, for the convenience of the public, but also for its own purposes in that it provided a station stop which served both the public and itself. Its fee was in the car company.

Where one road makes a junction with another but does not cross it we have a case of intersecting roads within the meaning of the statute. *Mapp* v. *Holland,* 138 Va. 519, 122 S. E. 430, 37 A. L. R. 478.

No defendant is liable in damages for an accident, however distressing, unless it was negligent and unless that negligence was a contributing cause. This defendant did exactly what the plaintiff asked it to do. He signalled for the car to stop. It did stop, and it stopped where it plainly should have been expected to stop. It stopped on the crossing and never passed over it at all. The motorman must have been looking, for he had sounded his gong and put on brakes. It was natural for him to assume that this prospective passenger intended to pass in front of his car and board it after he had come to a complete stop, and not until it was too late was there anything to indicate a different purpose on the plaintiff's part.

Strictly speaking, the plaintiff was not guilty of

contributory negligence, for that defense is in the nature of a confession and avoidance and connotes some negligence, at least, on the part of the defendant. Here Hendricks' negligence did not merely contribute to the accident, but was its sole proximate cause and the only cause which brought about that unhappy result.

One cannot with impunity undertake to pass in front of an approaching car when it can be done in safety only by the narrowest of margins. It is to be remembered that Hendricks was not unmindful of this approach. He was looking at the car "practically all the time."

In *Gordon* v. *Virginia Electric & Power Co.*, 150 Va. 442, 143 S. E. 681, 683, a recovery was denied. Prentis, P., said:

"That this ordinance was in effect at the time and is a valid ordinance is unquestionably true, but it does not relieve the pedestrians of the duty to exercise ordinary care to protect themselves from injury. Generally speaking, it means that at street intersections the drivers of vehicles shall not unreasonably impede the passage of pedestrians, and that between street crossings pedestrians shall not unreasonably impede the movement of vehicles. It relieves neither of the duty to exercise proper care measured by the danger. In the unqualified form presented, the instruction could only have confused the jury. While correct as an abstract proposition, it is inapplicable here and would have been misleading under the facts of this case."

And again: "A pedestrian, under such circumstances, knowing of the approach of the street car, with nothing to obstruct his view, and in possession of his normal faculties, can avoid the injury in most cases by stopping and by not taking the fatal step into obvious danger. In most cases he can assure his safety by the exercise of the slightest care." See, also, *Berent* v. *Virginia Electric & Power Co.*, 153 Va. 586, 151 S. E. 142; *Etheridge* v. *Norfolk-Southern R. Co.*, 143 Va. 789, 129 S. E. 680; *Hendry* v. *Va. Railway & Power Co.*, 130 Va. 282, 107

S. E. 715; *Va. Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467; *Va. Ry. & Power Co.* v. *Harris,* 122 Va. 657, 95 S. E. 403.

Men cannot with impunity take reckless chances. *Davis* v. *N. Y., N. H. & H. R. Co.* (1930), 272 Mass. 217, 172 N. E. 214; *Sullivan* v. *N. Y., N. H. & H. R. Co.,* 154 Mass. 524, 28 N. E. 911; *Akerson* v. *Great Northern Ry. Co.* (1924), 158 Minn. 369, 197 N. W. 842; *Russo* v. *Texas & P. R. Co.* (1930), 15 La. App. 4, 131 So. 70; *State* v. *Cumberland & P. R. Co.* (1898), 87 Md. 183, 39 Atl. 610.

█ It is contended that presumptions unfavorable to the defendant exist because the motorman was not called as a witness. This rule does not apply where the plaintiff, bearing the burden of proof, which the law places upon him, has made out no case at all.

"There is no presumption against a defendant for failure to call witnesses when the plaintiff carrying the burden of proof has not made a *prima facie* case, and such presumption cannot be used to relieve the plaintiff from the burden of proving his case. *Cooper* v. *Upton,* 60 W. Va. 648, 64 S. E. 523." *Hutcheson* v. *Savings Bank,* 129 Va. 281, 105 S. E. 677, 680.

Moreover, we take as true the plaintiff's testimony as to what he saw and did. Upon his own statements he has no case. *Massie* v. *Firmstone,* 134 Va. 450, 114 S. E. 652; *Bassett & Co.* v. *Wood,* 146 Va. 654, 132 S. E. 700. The judgment of the trial court is plainly right, and should be affirmed.

*Affirmed.*