# Richmond

VIRGINIA STAGE LINES, INC. V. LENA R. LESNY, ADMIN-
ISTRATRIX OF THE ESTATE OF KARL LESNY, DECEASED.

April 8, 1940.

Record No. 2173.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*John C. Goddin, John G. May, Jr.,* and *V. P. Randolph, Jr.,* for the plaintiff in error.

*Charles Pickett* and *Harry A. Shockey,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Shortly after midnight on May 30, 1937, Karl Lesny was driving his Packard coupe westwardly along the Lee Highway between Merrifield and Fairfax. While making a left turn from the highway into the lane leading to his residence, Lesny's car collided with a large eastbound passenger bus of the Virginia Stage Lines, Inc., and he was killed. In an action for wrongful death his administratrix has recovered of the Virginia Stage Lines, Inc., a verdict and judgment of $3,000, which are here for review. For convenience the parties will be referred to as they appeared in the court below.

It is undisputed that just prior to the accident the Lesny car was in a line of traffic, which was proceeding westwardly at about 40 miles per hour. As Lesny neared his lane he slowed down to about 15 miles per hour and undertook to make the turn. The bus was approaching at an estimated speed of 35 miles per hour. According to witnesses for the plaintiff, when Lesny began his turn the bus was from 75 to 100 feet from the point of collision. The bus driver placed it much closer. At any rate the bus driver saw that a collision was imminent. The oncoming line of traffic on his left prevented his turning in that direction, therefore he directed his vehicle to the right, putting two wheels on the shoulder, and applied his air brakes. When the front wheels of the Lesny car had cleared the pavement it was struck on the right front side by the front of the bus and driven sideways along the highway for a distance of 81 feet, where both vehicles came to a stop. Lesny, the only occupant of his car, was thrown to the pavement and received injuries of which he shortly thereafter died.

All of the witnesses agree that the oncoming bus was properly lighted and was plainly visible to Lesny when he undertook to cross in front of it. Hence, counsel for the administratrix conceded, both in the court below and at the hearing before us, that the decedent was guilty of contribu-

tory negligence. In their brief they say, therefore, that "The sole question presented by this record is whether or not there was sufficient evidence before the jury to justify a finding that the defendant's bus driver had a last clear chance to avoid killing plaintiff's decedent and failed to take advantage of such last chance or opportunity."

The plaintiff introduced three bus drivers, employees of concerns other than the defendant, who testified as to the distance within which the defendant's bus, proceeding at a speed of 35 miles per hour, could have been stopped on a smooth, dry, level pavement. Two of these witnesses placed the braking or stopping distance at from 50 to 60 feet. The third estimated the required distance at from 25 to 30 feet. The defendant's bus driver placed it at from 50 to 100 feet.*

The plaintiff argues that in view of testimony that when Lesny first commenced to make his turn the bus was from 75 to 100 feet from the point of collision, and in view of the further testimony that it could have been stopped within 25 to 30 feet, the jury had the right to find that the operator of the bus had ample time and space within which to have stopped his vehicle and avoided the collision.

But this argument fails to take into account other facts and circumstances upon which the witnesses agreed. All of the witnesses for the plaintiff stated that their estimates of the required stopping distance applied to the distance which the bus would cover from the time the brakes were first applied until it came to a stop. They stated that to this estimated braking or stopping distance there must be added a further distance which the vehicle would cover before the mind of the operator reacted to the emergency and he could begin the application of the brakes. (See *Stratton* v. *Bergman*, 169 Va. 249, 254, 192 S. E. 813, 815.) Counsel for

*In a chart compiled by the Division of Motor Vehicles of Virginia, the estimated "braking distance" of a vehicle proceeding at 35 miles per hour, with four-wheel brakes, on a "dry, hard, level surface free from loose material," is placed at from 49 to 76.5 feet. The distance of 49 feet is stated to be required for brakes in "excellent" condition.

the plaintiff concedes that approximately one second should be allowed for this reaction time.

The witnesses further stated that their estimates of the braking distance were based upon the assumption that all four wheels of the bus were on a smooth, dry pavement. None of them attempted to place any estimate on the distance within which the vehicle could have been stopped with two wheels traveling on the dirt shoulder, as was the situation here. Even Snider, who gave an estimate of from 25 to 30 feet as the braking distance, stated that this did not apply where two of the wheels were on the shoulder, and that more distance would be required in that event. We thus have no direct proof as to the distance within which the bus could have been stopped under the conditions here prevailing.

Moreover, while the bus driver stated that his vehicle was traveling at 35 miles per hour as he approached the Lesny lane, this is a mere estimate. The fact that in the collision the Lesny car was driven sideways along the highway and demolished would indicate that the bus was proceeding at a greater speed than that estimated by its operator. Under the provisions of the Motor Vehicle Code then applicable (Code 1936, section 2154(109) ; Acts 1936, ch. 125, p. 214), it had a permitted speed of 45 miles per hour.

Of course, the greater the speed of the bus the greater was Lesny's negligence in attempting to cross ahead of it, and the less was the bus operator's chance of avoiding the collision. *Walker, Adm'x* v. *Crosen,* 168 Va. 410, 191 S. E. 753.

But even if we apply the figures upon which the plaintiff relies, it is plain, we think, that the operator of the bus did not have a clear chance to avoid the collision. The only eyewitness who testified for the plaintiff on the subject stated that Lesny cut out from the line of traffic when he was 25 feet from the lane and proceeded toward it at a speed of about 15 miles per hour. Taking the speed of the bus at 35 miles per hour, the two vehicles were approaching each other at a combined speed of 50 miles per hour, and were

covering approximately 75 feet per second. Within one and one-third seconds from the time Lesny commenced his turn the collision had occurred. And yet within this space of time it is argued that the mind of the bus driver should have reacted to the sudden emergency with which he was confronted through no fault of his, and he should have applied the brakes and brought this large bus to a full stop. How he could have done so is hard to understand, for if the bus operator were allowed a reaction time of one second, he had left only one-third of a second within which to stop his vehicle.

■ The doctrine of last clear chance "implies thought, appreciation, mental direction, and the lapse of sufficient time to effectively act upon the impulse to save another from injury." *Barnes* v. *Ashworth,* 154 Va. 218, 250, 153 S. E. 711, 720. See also, *Hutcheson, Adm'r* v. *Misenheimer,* 169 Va. 511, 517, 194 S. E. 665, 667.

■ In *Washington, etc., Railway* v. *Thompson,* 136 Va. 597, 603, 118 S. E. 76, 78, we said:

"It should and must be emphasized that a plaintiff is not entitled to recover under this doctrine upon a mere peradventure. He has no right to hold the defendant liable merely upon showing that perhaps, if the defendant's agents had responded properly, promptly, instantaneously, he might have been saved. The burden is upon him to show affirmatively by a preponderance of the evidence which convinces the average mind that by the use of ordinary care, after his peril was discovered, there was in fact a clear chance to save him. It is insufficient to show that there was a mere possibility of so doing."

See also, *Hendry* v. *Virginia Ry. & Power Co.,* 130 Va. 282, 284, 107 S. E. 715, 716; *Virginia Electric & Power Co.* v. *Vellines,* 162 Va. 671, 681, 175 S. E. 35, 39; *Frazier* v. *Stout,* 165 Va. 68, 74, 181 S. E. 377, 379.

■ In the present case the evidence fails to show affirmatively that the operator of the bus, by the use of ordinary care, after Lesny's peril was discovered, had in fact a

last clear chance to save him. At best, there was merely a possibility of his doing so.

It is argued that the fatal injuries of the plaintiff's decedent were sustained when he was thrown to the pavement at the point where the two vehicles came to a stop, some 81 feet beyond the lane. It is said that Lesny's life could have been saved had the bus driver properly applied his brakes after the collision. *Van Sickler, Adm'r* v. *Washington, etc., Railway,* 142 Va. 857, 128 S. E. 367, is cited to support this contention. In that case Van Sickler's automobile was struck at a crossing by a slowly moving street car. After the collision the automobile was pushed a considerable distance down the track, during which time no attempt was made to apply the brakes on the street car. The evidence clearly disclosed that the plaintiff's decedent received his fatal injuries, not at the time of the impact, but later when he was thrown out of the automobile as it was pushed along the track.

In the instant case the situation is quite different. There is no evidence to support the contention that the fatal injuries of the deceased were sustained when he was thrown from the car. The evidence is that the vehicles collided with terrific force. The demolition of the Lesny car confirms this. It is probable that the fatal injuries were caused by the impact. Certainly there is no proof that his life would have been saved if the two vehicles had come to a stop at the point where the collision occurred.

Nor do we think that the fact that the Lesny car was pushed along the highway refutes the bus driver's statement that he applied his brakes before the impact. The greater weight of the bus and the fact that two of its wheels were off the concrete added to the operator's difficulty in bringing it to a complete stop. Then, too, in the excitement following the crash the driver may have momentarily relaxed his pressure on the brakes while the bus was still in motion.

On the whole we are of opinion that the evidence fails to show that the operator of the defendant's bus had a last

clear chance to avoid the accident. Consequently the verdict and judgment complained of will be set aside and a final judgment will be here entered for the plaintiff in error, Virginia Stage Lines, Inc.

*Reversed and final judgment.*