# Staunton

## ROANOKE RAILWAY AND ELECTRIC COMPANY v. C. W. B. KORB.

September 12, 1930.

Absent, Holt and Gregory, JJ.

*Woods, Chitwood, Coxe & Rogers* and *Leonard G. Muse,* for the plaintiff in error.

*Horace M. Fox,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

C. W. B. Korb instituted an action in the Law and Chancery Court of the city of Roanoke to recover damages for personal injuries to himself and damage to his automobile, occasioned by a collision with a street car owned and operated by the Roanoke Railway and Electric Company. The trial resulted in a verdict in behalf of the plaintiff for $2,500.00, and judgment was duly entered thereon.

There are two assignments of error: (1) The refusal of the trial court to set the verdict aside because it was contrary to the law and the evidence. (2) The giving of an instruction, requested by the defendant in error, on the doctrine of the last clear chance.

The facts may be stated thus: At approximately 6:30 P. M., on the 23rd day of January, 1929, at the intersection of Commonwealth avenue and Second street, N. E., in the city of Roanoke, there was a collision of a street car and an automobile owned and driven by the defendant in error. Second street runs north and south, Commonwealth avenue runs very nearly northeast and southwest. On Commonwealth avenue there is a single car track, but as the track turns into Second street there is a switch and double-tracks south on Second street. The street car was traveling southwest and the automobile northeast on Commonwealth avenue at the above intersection. When the defendant in error reached the intersection he stopped his automobile, ascertained that traffic to his right, on Second street, was clear, saw the street car approaching at a distance he esti-

mated to be about 200 feet, and being of opinion that he had plenty of time to cross the track in safety, proceeded to cross the intersection in low gear at a speed of five or six miles an hour. The front of the street car struck the automobile on the left rear fender and dragged it twenty-five or thirty feet south on Second street, practically destroying the automobile and injuring the defendant in error.

The plaintiff in error contends that because the evidence for the defendant in error fails to show that the automobile driver kept a lookout for the approaching street car after he first observed it and failed to operate his machine so as to avoid the collision, he was guilty of contributory negligence as a matter of law. For this proposition the plaintiff in error relies upon that line of Virginia decisions of which the following cases are striking examples: *Virginia Ry. & Power Co.* v. *Harris*, 122 Va. 657, 95 S. E. 403; *Marvel* v. *Va. Ry. & Power Co.*, 138 Va. 532, 121 S. E. 882; *Jones* v. *Virginia Electric & Power Co.*, 153 Va. 704, 151 S. E. 133; *Berent* v. *Virginia Electric & Power Co.*, 153 Va. 586, 151 S. E. 142.

In this line of cases the controlling fact was that in each case the plaintiff either did not look at all, or looked and saw that the street car was very near and approaching at a rapid rate of speed, and without further precaution went upon the track and was struck. The court, in effect, held that no reasonably prudent person would have attempted to cross the tracks under such circumstances.

There is another line of cases which hold that the question of contributory negligence is one to be submitted to the jury. *Virginia Ry. & Power Co.* v. *Wellons*, 133 Va. 350, 112 S. E. 843, 847, was a case of collision between a street car and an automobile between intersections on Broad street, Richmond. The plaintiff was driving east and intended to make a "U" turn. He stopped to allow an eastbound street car and an automobile to pass, looked east

and saw a westbound car approaching about 175 feet from him and thought he had plenty of time to cross the tracks in safety. The street car struck the automobile behind the seat and ran 210 feet after the impact. The court held that the plaintiff was not guilty of contributory negligence as a matter of law.

*Virginia Ry. & Power Co.* v. *Oliver*, 133 Va. 342, 112 S. E. 841, was a case of an impact between a street car and a wagon at Fourth and Main streets, Richmond. The plaintiff was going south on Fourth street. When his horse was eighteen or twenty feet from the track he looked both east and west, but did not see an approaching car. He looked no more and a westbound car struck the wagon after the horse had cleared both rails. It was shown by actual measurement that when the horse was from eighteen to twenty feet from the north rail the driver on the wagon could have seen as far east as the top of the hill at Fifth street. There was evidence to show that the motorman was not keeping a proper outlook and that he was driving at an excessive rate of speed down the incline from Fifth to Fourth street. It was held that the question of contributory negligence was properly submitted to the jury.

In the case of *Virginia Ry. & Power Co.* v. *Slack Grocery Co.*, 126 Va. 685, 101 S. E. 878, 881, the evidence shows that the view of the track was obstructed until the defendant's driver was within twenty-seven and one-half feet of the rail. At that point the driver looked both ways and saw no car. Traveling at four or five miles an hour, he started across the track, and after his front wheels got on the rails he looked around again and a street car was within two or three feet of him. The street car hit the truck half way between the front and the rear. The truck was heavily loaded and at the rate of speed it was traveling could not be stopped in less than twenty feet. Under the provisions of a city ordinance both street cars and motor trucks were limited to a speed of six miles an hour at this crossing.

■ The court held that "under these circumstances we cannot say that the truck driver was guilty of negligence as a matter of law. From the plaintiff's standpoint, the evidence tended to show that until after the driver had reached the point beyond which it would have been impossible for him to avoid the accident by stopping the truck he was acting prudently, and that an ordinarily prudent person would have been warranted in attempting to make the crossing. Pedestrians and vehicles may cross the street car tracks in full view of approaching cars if it is consistent with ordinary prudence to do so. *Bass* v. *Norfolk Ry. & Light Co.*, 100 Va. 1, 40 S. E. 100; *Richmond Traction Co.* v. *Clarke*, 101 Va. 386, 43 S. E. 618; *Virginia Ry. & Power Co.* v. *Meyer*, 117 Va. 413, 84 S. E. 742. The instant case is controlled by the doctrine of these and like decisions of this court, and not by the doctrine of *Portsmouth Street Railway Co.* v. *Peed*, 102 Va. 662, 47 S. E. 850; *Virginia Ry. & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. E. 467, and other cases of this type relied upon by counsel for the plaintiff in error."

■ The plaintiff in error contends that the account of the defendant in error of the collision is incredible, because from the point where the automobile was stopped to the nearest rail of the track is seventeen feet, and as the defendent in error started his machine he saw the approaching car 200 feet away. The automobile was traveling five or six miles an hour, hence in order for the collision to have occurred the street car was bound to have been running from fifty to sixty miles an hour, and that it is physically impossible for a street car to run that fast around a curve. In the first place, the exact point of the impact is not shown on the map. In the second place, the distances are not stated by the plaintiff in error to be mathematically exact. In order for the street car to have struck the automobile on the left rear fender the front wheels of the automobile must have cleared the far track. The defendant in

error, when he observed the approach of the street car, was at a standstill.   He had to put his car in gear and start it, and then he almost cleared the track before he was struck; all of which took only a few seconds, it is true, but it is enough to show that the testimony of the defendant in error is not inherently incredible.

■    Evidence in the case at bar is of such a nature that reasonably fair-minded men may differ as to whether or not a person of ordinary prudence would have attempted to go upon the tracks of the defendant company under such circumstances, and hence the question of contributory negligence was properly submitted to the jury.

■ ■    The next assignment of error is the action of the court in giving an instruction on the doctrine of the last clear chance.   The ground of objection to the giving of such an instruction is that there is no evidence on which to base it.

The admitted facts show that the collision occurred at the intersection of two busy thoroughfares, that the street car turned from one street into another on a curving track. The plaintiff in error introduced evidence tending to show that as the automobile went upon the rails the street car was twenty feet away, approaching at a speed of only seven or eight miles an hour, and traveling at such speed could have been stopped in four or five feet.   As heretofore stated, the street car struck the automobile on the rear left fender and dragged it twenty-five to thirty feet.  The automobile, traveling at six miles an hour, would have gone approximately nine feet in a second.   Under such circumstances, in less than a second the automobile would have cleared the tracks. Some of the witnesses of defendant in error testified that the emergency brake was never applied.   The defendant in error stated that he assumed the street car was approaching at normal speed.   It was the duty of the defendant company to keep a lookout, and if its motorman saw, or by the

exercise of reasonable care could have seen, the perilous position of defendant in error he should have stopped, or slowed down, his car, and thus have prevented the collision. Considering the physical facts, the surrounding circumstances, and the evidence of the defendant company's own witnesses, there is sufficient evidence in the record to sustain a verdict based on the doctrine of the last clear chance; hence there was no error in giving this instruction.

As was stated by Judge Kelly in the case of *Virginia Ry. & Power Co.* v. *Wellons, supra*: "If the discovery of the inevitable was made, or ought to have been made, before it was too late for him to slow down or stop, he (that is, the motorman) would have the last clear chance to avoid the injury, and the street car owner would be liable, regardless of the fact that the negligent conduct of the driver of the vehicle precipitated the situation, * *."

On the whole case, we are of opinion there is no error, and the judgment of the trial court is affirmed.

*Affirmed.*