# Richmond

JOSEPH HORSMAN (V. RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD COMPANY.

January 15, 1931.

Present, Prentis, C. J., and Campbell, Epes, Gregory and Browning, JJ.

*Wilson M. Farr, R. H. Yeatman, Hugh B. Marsh* and *Austin F. Canfield,* for the plaintiff in error.

*Gardner L. Boothe,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This was an action at law to recover damages from the defendant in error in the Circuit Court of Arlington county,

Virginia, filed December 8, 1925. The parties will be subsequently referred to as they were related in the trial court.

The plaintiff was an employee of the Fruit Growers' Express Company, a corporation, which operated a car building and repair yard, adjacent to Potomac Yards in Arlington county, Virginia, the cars being used for the transportation of fruits and vegetables. The defendant maintained and operated in Potomac Yards its tracks for its purposes as a common carrier.

The plaintiff alleged, in part, in his declaration that at the time of his injuries he was engaged in painting or re-stenciling a certain car belonging to his employer, which was one of a number of cars coupled together, which were stationary and standing on one of the tracks of Potomac Yards, that in passing from one side of the car, upon which he was working, to the other side he went underneath the car, and while his hands were grasping the west rail of the track, upon which the car was standing, for the purpose of pulling or extricating his body from underneath the said car, the defendant negligently caused one of its engines to run into or collide with the string of stationary cars and set them in motion, by which the rear wheels of the said car passed over his hands and wrists, crushing them and causing the necessity of their amputation; and that the act of the defendant was wrongful, careless and negligent in its failure to give the plaintiff warning or notice of the movement of its engine, and its failure to keep a proper lookout and to have proper control of its said engine, etc., by reason of all which he suffered damages in the sum of $75,000.

The defendant filed special pleas setting up the defense that the plaintiff, as an employee of the Fruit Growers' Express Company, which carried liability insurance under the provisions of the workmen's compensation act of Virginia, had complied with the provisions of said act to

obtain compensation for said injury and an award of $12 per week for 375 weeks, aggregating the sum of $4,500, had been made in his favor by the Industrial Commission of Virginia, and that the plaintiff received and was receiving such compensation in installments every two weeks from the Travelers Insurance Company, the insurer of the plaintiff's employer, against which the award was made, and the record of the proceedings before said Commission. was avouched and made a part of a special plea, which further set forth that under the statutes of the State of Virginia the plaintiff's employer, the Fruit Growers' Express Company, or its insurance carrier, the Travelers Insurance Company, became the assignee of any right to recover damages which the plaintiff might have against any other party on account of his said injury; and under the terms and provisions of sub-section 12 of section 1887, Virginia Code of 1924, the plaintiff was not entitled to maintain or prosecute the suit.

The plaintiff moved the court to strike out the special plea, basing the motion upon several grounds, but in the determination of this case we are concerned with only one of these, which is as follows:

"Because the matters set up in said plea do not constitute any defense to this action, as the plaintiff is entitled to maintain the same against the defendant as an independent *tort feasor* for the injuries occasioned plaintiff by reason of the sole negligence of the defendant, proximately causing the injuries to plaintiff in the way and manner set forth in the declaration heretofore filed."

The court overruled the motion to strike out the said plea and issue was joined thereon.

The plaintiff then offered evidence to prove the allegations of his declaration but which the court struck out and excluded and declined to consider; and dismissed the plaintiff's action and entered final judgment for the de-

fendant at the costs of the plaintiff. The plaintiff stated in his petition or brief that the single question presented in the case in judgment is one of law. The trial court held, as a matter of law, that the plaintiff, by accepting compensation under the workmen's compensation act, from his employer's insurer, was thereby barred from instituting an action in his own name for recovery against the defendant, for the benefit of himself, his employer, the Fruit Growers' Express Company, and the Travelers Insurance Company, as their respective interests might be ascertained.

It will be noted that at the instance of the plaintiff the writ and the declaration in the case in judgment were indorsed to show that the action was for the benefit of his employer, the Fruit Growers' Express Company, and the Travelers Insurance Company and himself.

The plaintiff, to sustain his contention that the said ruling of the court was erroneous, cited a number of cases from other States, but appeared to rely chiefly upon the case of *Smith* v. *Virginia Railway and Power Company*, 144 Va. 169, 131 S. E. 440, 442. The decision of the court in that case was based upon the statute as it then existed. It was controlled by the provisions of section 12 of the workmen's compensation act then in force and effect (Acts of 1920, page 256, chapter 176). We have no criticism of the decision. It was patently sound and founded in good reason, but this statute was amended by the Acts of 1924, chapter 318, and so much of section 12 of the act as is pertinent to this case reads thus:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common-law or otherwise on account of such injury,

loss of service or death; provided, however, that where such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service or death from any person or persons other than such employer, he may institute an action at law against such third person or persons before an award is made under this act and prosecute the same to its final determination, *but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy;* and provided further that if the employee who has so accepted the provisions of this act be an infant employed knowingly and wilfully in violation of law, nothing herein contained shall be construed to prevent the parents of such infant employee from maintaining an action at law for loss of service of said infant against his employer or other person who may be responsible therefor, and recovering damages therefor in addition to the compensation recoverable hereunder. In all cases where an employer and employee have accepted the workmen's compensation act as hereinbefore provided, any injury to a minor while employed contrary to the laws of this State shall be compensable under this act the same, and to the same extent, as if said minor employee was an adult." (Italics supplied.) Acts 1924, page 478, chapter 318.

It will thus be seen that the law is essentially different from what it was when the *Smith* v. *Virginia Railway & Power Co., supra,* case was decided.

The provisions of the act as quoted are perfectly plain. No other of its parts modify or qualify its terms to the extent of sustaining the contention of the plaintiff, which is, that after having prosecuted his claim for damages before the Industrial Commission of Virginia and securing its award of $4,500, in the aggregate, and the acceptance of semi-monthly payments on such award, he still had the

right to maintain an action at law against the defendant, the Richmond, Fredericksburg and Potomac Railroad Company, which he terms "an independent *tort feasor*," for damages growing out of the same injury.

To have permitted this would have been a clear violation of the express terms of the statute, notwithstanding the fact that the writ and declaration were indorsed to show that the suit was for the benefit of his employer and his employer's insurer and himself.

Counsel for the plaintiff has cited many cases from other jurisdictions relating to questions of this general character, but they can afford us little aid because the determination of the issue here raised depends upon the construction of this particular statute, which is not, we think, identical with the statute of any other jurisdiction referred to.

As was tersely and aptly said by Prentis, C. J., in the case of *Smith* v. *Virginia Railway & Power Company, supra,* "that which is manifest certainly requires no demonstration."

It follows that we are in accord with the ruling of the trial court in dismissing the plaintiff's action.

*Affirmed.*