# Wytheville.

## D. F. TYLER CORPORATION v. L. W. EVANS.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*Venable, Miller, Pilcher & Parsons,* and *Fred E. Martin,* for the plaintiff in error.

*James G. Martin* and *Louis Fine,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Upon the calling of this case, a motion was made to dismiss it on the ground that the writ of error granted is void.

Judgment in favor of Evans was rendered on the 17th day of February, 1930. The petition for the writ of error and supersedeas was presented to one of the judges of this court on the 5th day of June, 1930. A writ of error was granted

and a supersedeas was awarded, the record sent to the clerk and on the 24th day of June, 1930, endorsed by him "Received."

Section 6350 of the Code provides that every appeal, writ of error or supersedeas shall be docketed at the place of session where it may be heard and determined * * *. It further provides: "The clerk of the said court shall issue a summons against the parties interested, other than the petitioners, that they may be heard, and also any supersedeas which may be awarded."

Pursuant to the provisions of that section, the clerk, on the second day of July, 1930, issued a summons directed to the defendant in error and mailed it to F. E. Martin, of counsel for plaintiff in error. The said summons was returnable to the first Monday in August, 1930.

On July 7, 1930, the bond called for in the writ of supersedeas was executed before the clerk of the lower court.

Due to oversight or failure of counsel, the summons issued on the 2nd day of June was never executed on Evans nor returned to the clerk.

On September 30, 1930, the clerk of this court issued an alias summons returnable "forthwith." That summons was duly executed on the first day of October, 1930.

It is the contention of defendant in error that all proceedings in this court in regard to perfecting an appeal or writ of error are regulated by sections 6055 and 6059 of the Code. Those sections deal with the issuance of original process, alias process, the service of same and the return thereof to a rule day. That they are not applicable to the proceedings in this court is manifest when read in connection with other sections of the Code dealing with the filing of an action at law or the institution of a suit in equity and the proceedings to be had thereon.

Section 6055 provides that process may be directed to the sheriff or sergeant of a city, and unless otherwise provided, be

returnable within ninety days to some day of the term of a court "or in the clerk's office to the first day of any rules."

Section 6060 makes it the mandatory duty of every officer who attends a court to go to the clerk's office within five days after the end of any rules and receive "all process, orders and decrees to be executed by him."

Section 6059 provides for the issuance and service of an alias process.

Section 6074 provides: "In the clerk's office of every circuit and corporation court and of every city court having jurisdiction of civil cases at law or in equity, rules shall be held on the first and third Mondays of every month * * *."

The docket in which all proceedings at rules shall be entered is provided for by section 6075.

Section 6077 defines the nature of rules, how given, and reads thus: "The rules may be to declare, plead, reply, rejoin, or for other proceedings; they shall be given from one rules to the next rules."

The sections above enumerated are in chapters 253 and 254 of the Code, which deal with process, rules and pleadings, and in our opinion are only applicable to proceedings in a trial court.

There is in the appellate court no such pleading as a demurrer, a joinder, or a reply. When a case or suit falls within the provisions of section 6336 of the Code, and the requirements of section 6339 have been met, this court has jurisdiction which is only divested by the failure of appellant or plaintiff in error to comply with Code, section 6355.

In the case at bar, the record with the petition was delivered to the clerk of this court within six months, and the bond called for in the writ of supersedeas was executed before the clerk of the lower court within the time required.

When a writ of error or appeal has been granted and the record and petition have been delivered to the clerk and bond executed as required by law, the case is properly on the clerk's

docket. Process or summons simply matures the case for hearing by this court.

The motion to dismiss will be denied.

*The facts of the case may be summarized thus*:

Evans, an experienced iron worker, was employed by Hall-Hodges Company to assist in the construction of a building for the Pennsylvania Railroad. The Hall-Hodges Company rented from the Tyler Corporation a machine known as a crane, to be used in lifting and placing in position steel girders. While the crane was being operated by one Londeree, the plaintiff was severely injured by coming in contact with a girder being hoisted by the crane, due, as alleged, to the negligence of the operator.

In the view we have of the case, it is unnecessary to discuss the basic question, whether or not Londeree was at the time of the accident an employee of the Tyler Corporation or Hall-Hodges Company, and whether or not his alleged negligence caused the plaintiff's injuries.

As stated, Evans was an employee of the Hall-Hodges Company. That company, in conformity with the provisions of the workmen's compensation law, carried liability insurance. Following the accident to Evans, he, as an employee of Hall-Hodges Company, applied for and received an award from the Industrial Commission.

When this case was called for trial in the lower court, the Tyler Corporation filed its plea, alleging the above stated facts and avouching the record of the Commission to sustain the plea. On motion of Evans, the plea was stricken out of the case by the trial court.

This action of the court is assigned as error.

This court, subsequent to the trial of the present case, has handed down two decisions involving the question of the right of an employee both to accept compensation under the workmen's compensation act and to recover damages for the same injury.

In *Horsman* v. *Richmond, F. & P. R. Co.*, 155 Va. 934, 157 S. E. 158, it is held that an employee by accepting compensation is barred from maintaining an action against the alleged *tort feasor*.

In *Williamson* v. *Wellman, ante*, p. 417, 158 S. E. 777 (decided March 19, 1931), Justice Hudgins has ably and at length construed the compensation law applicable to the question herein involved.

It is virtually conceded by counsel for Evans that if the *Williamson Case* has correctly stated the doctrine, then the action of the trial court in rendering judgment on the verdict of the jury constitutes error. But it is argued that the decision in the *Williamson Case* "is contrary to the reason and spirit of the statute" and should be overruled. A careful reconsideration of the doctrine there laid down confirms our view that in the present state of the workmen's compensation law, as pointed out in the opinion, that case should not be overruled.

Our conclusion is that the case at bar is ruled by the decision in *Williamson* v. *Wellman, supra*. Therefore, the action of the trial court in sustaining the motion of plaintiff constitutes reversible error. The judgment will be reversed and the case remanded for such further proceedings as Hall-Hodges Company or its insurer deem advisable.

*Reversed.*