# Wytheville

VIRGINIA ELECTRIC AND POWER COMPANY V. W. F.
MITCHELL.

June 16, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

REHEARD JANUARY 12, 1933.

The opinion states the case.

*T. Justin Moore, McGuire, Riely & Eggleston* and *William S. D. Woods,* for the plaintiff in error.

*Sinnott, May & Leaman,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This action was brought by the defendant in error to recover damages for injuries received at a street crossing in the city of Richmond, as a result of a collision between a truck operated by the plaintiff and a street car owned and operated by the Virginia Electric and Power Company. From a verdict and judgment in favor of the plaintiff, the defendant company obtained a writ of error.

When the plaintiff announced that he had concluded the introduction of his evidence in chief, the defendant moved to strike it from the consideration of the jury. The motion was overruled. On the conclusion of the taking of the testimony, the defendant repeated his motion, which was again overruled. The court likewise refused to sustain a motion made by the defendant to set aside the verdict of the jury. These rulings constitute two of the assignments of error.

A motion to strike evidence from the consideration of the jury is a valuable aid in the trial of a

case. It is almost an indispensable aid when used to eliminate irrelevant evidence which, through inadvertence or otherwise, has been admitted, but when the purpose of the motion is to take the issues from the jury it should be granted only in a clear case. If sustained, the adverse party is out of court; if overruled, the mover still has an election of demurring to the evidence, with its attendant consequence, or of developing his case before a jury, which he is then prepared to do. The refusal to sustain the motion enables either party to take the whole case on its merits to the appellate court in one record. If the motion, in the opinion of this court, is erroneously sustained by the trial judge, such ruling necessitates a new trial and probably another hearing before this court, with additional expense and long-delayed final judgment. See *Green* v. *Smith,* 153 Va. 675, 151 S. E. 282. Regardless of our conclusion on the merits, we have no hesitancy in stating that there was no error in the action of the trial court in overruling the two motions.

The defendant bases his assignments of error to these rulings of the court and its refusal to set aside the verdict on two grounds: (1) That the evidence fails to establish the defendant's negligence; (2) That the evidence establishes the plaintiff's contributory negligence. This requires a brief discussion of the facts which the jury found, or could have found, from the evidence.

It appeared that the street car was traveling north on Pine, and the truck west on Canal street; that at the intersection Pine street is thirty-one and Canal forty-three feet wide. The relevant testimony shows that as the truck entered the intersection of Pine street, the street car was approaching from the south, more than half a block away, traveling at a rate of speed variously estimated at from fifteen miles an hour to "as fast as it could go," like it was late, or going to a fire," "sailed by as fast as it could go," and "going at a pretty

good clip." These indefinite statements, standing alone, are not sufficient to convict the defendant company of negligence in operating its car at an excessive rate of speed, but may be considered with all the other evidence introduced.

The motorman testified that he saw the truck as it entered Pine street, when the street car was a little over half a block away, and that when within thirty or forty feet of the corner he applied the brakes, the wheels locked and the car skidded from under him, resulting in the collision. The evidence shows that the street car was going up grade (percentage not given) and the truck was crossing the intersection well on the right-hand side of Canal street. This evidence indicates that from the point at which the car began to skid to the point of impact was a distance of from fifty-two to seventy feet, depending upon how near the center of Canal street the truck was traveling.

The motorman further testified that the street had been recently sprinkled, and wet leaves had accumulated, causing the car to skid. He also testified that from nine years of experience he knew that wet leaves on the track would probably produce this result; that he saw leaves on the street and on the rails, but did not think there were enough to cause trouble.

If the condition of the rails was such that it was probable the pressure of the brakes would cause the car to skid, it was the duty of the motorman to take that fact into consideration and in the operation of his car to exercise such care to prevent injury as an ordinarily prudent person would in the same circumstances. In other words, the degree of care to be exercised should be commensurate with the known danger; and the court instructed the jury that it was the duty of the motorman to take into consideration the physical situation existing at the time and place and use ordinary care commensurate therewith in the operation of his car. There was

other evidence denying that leaves had accumulated on the rails. Suffice it to say, that in view of all the facts and circumstances we cannot hold, as a matter of law, that no negligence was proven. This question was properly submitted to the jury.

The defendant company contends that the plaintiff was guilty of contributory negligence, as a matter of law, which bars his recovery. The relevant testimony, both of the plaintiff and of the motorman, shows that as the truck, traveling at the rate of from five to ten miles an hour, entered the intersection the operator of each saw the other, and the driver of the truck continued across the intersection; that as he was moving along he saw two, or more, passengers step from the sidewalk as if they expected to board the car; that he did not look at the car again until it struck his truck half way between the front and rear end; that the failure of the driver of the truck to continue to look at the oncoming car constituted negligence; and that he relied upon the assumption that the car would stop for the passengers waiting at the corner. Defendant contends that this state of facts is controlled by the case of *Berent* v. *Virginia Elec. & Power Co.*, 153 Va. 586, 151 S. E. 142.

This case is easily distinguished from the *Berent Case*. In the first place, the verdict in that case was set aside by an experienced trial judge; in the case at bar the verdict was aproved by an experienced trial judge, who in disposing of this point, said:

"The *Berent Case* differs from the instant case. In that case the truck and the street car were approaching each other face to face. It was while in this position that the plaintiff saw the street car one-half a block distant approaching rapidly. Each vehicle was momentarily contributing to the lessening of the distance between them. Nevertheless, the plaintiff continued on and without looking again, turned to the left and attempted to drive across the street car track *immediately* in front of the street car.

The court says that the inevitable result was a collision. In the instant case the motorman says the collision would have been avoided but for wet leaves on the track. There are other cases somewhat like the *Berent Case,* but in all of these cases the decisions seem to be based on the fact that the plaintiff drove 'immediately in front' or 'in close proximity.' Counsel has urged that the instant case is controlled by the *Berent Case* because the plaintiff saw prospective passengers standing in the street where the street car would naturally stop. Had the plaintiff based his opinion on his right to cross, solely upon the presence of these prospective passengers in the street, counsel would be correct, but nowhere in the instant case does it appear that that was the sole ground for belief that he could cross safely. It might have been one of a number of instances collectively forming an impression."

█ █ The defendant company contends that the plaintiff was guilty of contributory negligence in that he failed to look at the approaching car after he first saw it. The plaintiff was crossing a narrow intersection thirty-one feet wide, traveling at the rate of five to ten miles an hour. It must be remembered that both the street car and the truck had the right to use the public streets, and that such rights must be exercised in a reasonable and careful manner so as not unreasonably to interfere with the rights of the other. While the plaintiff states that the car was approaching "fast," he did not undertake to state the rate of speed. Assuming that the rails were in the middle of Pine street, the plaintiff had to travel seventeen feet, plus the length of this truck, in order to clear the rails, while the defendant was traveling approximately 170 feet. The truck driver had a right to assume, in the absence of anything to put him on notice, that the street car approaching the intersection was moving at a lawful rate of speed; that the motorman was looking ahead, and that he was operating his car under

control so that, if necessary, he might stop before reaching the crossing.

The motorman stated, in reply to a question from the court, that when he was thirty feet from the corner the truck was four feet from the rails, and it was at that time he sounded his gong. The undisputed testimony of the truck driver was that at the rate of speed he was traveling his truck could not have been stopped in less than five or six feet. So according to the motorman's own statement, when he sounded his gong it was too late for the truck driver to have stopped his truck before reaching the track. He also stated that if the truck had been some ten feet further north he could have stopped the street car before reaching it, notwithstanding the skidding, and that the truck was south of the center of Canal street. This indicates that under normal conditions the truck would have cleared the rails in safety.

From other testimony, it appears that the motorman was put on notice of the condition of the rails, but it does not appear that the plaintiff either knew that wet leaves were on the rails or the probable result of such condition. The plaintiff's witnesses state that at the time of the impact the truck was traveling north of the center line of Canal street.

While the driver of the truck was bound to continue to be watchful for his own safety in observing the approaching car, he was also charged with the duty of being watchful of pedestrians and other traffic. Fair-minded men might differ as to whether or not the plaintiff, under such circumstances, acted prudently in going upon the track without again looking towards the street car. Such being the case, contributory negligence was a question for the jury to decide. *Roanoke Ry. & Electric Co.* v. *Korb,* 155 Va. 296, 154 S. E. 550, 28 A. L. R. 217, note.

The refusal of the court to require the plaintiff to insert in his notice of motion the name of his employer or insurance carrier is assigned as error.

This point was decided in the case of *Smith* v. *Virginia Ry. & P. Co.*, 144 Va. 169, 131 S. E. 440, 443. In that case the defendant filed a special plea alleging that the plaintiff had accepted payment under the workmen's compensation act, and this was a bar to his right to maintain the action. The trial court denied the plea, and permitted the plaintiff to amend his declaration by inserting the name of his employer. The court, in its opinion, quotes that part of Code, section 1887, subsection 12, which authorizes the employer to maintain the action either in his own name or in the name of his employee. It also quotes with approval from *Fadeley's Adm'r* v. *Williams' Adm'r*, 96 Va. 397, 31 S. E. 515, saying:

"It is usual when an action is brought in the name of one person for the benefit of another to state that fact in the body of the declaration, or to endorse it thereon, or on the writ. It is useful and convenient to do so to give notice to the defendant of the rights of the beneficial plaintiff, and to enable the court to protect him by its orders, but this is not necessary. The statement is no material part of the pleading. The cause of action is complete without it, because he is not a party on the record."

The court, in the *Smith Case,* speaking to the point, said: "The amendment which the court allowed, while not necessary, may have been appropriate."

This ruling was approved in the case of *C. & O. Ry. Co.* v. *Palmer,* 149 Va. 560, 140 S. E. 831, in an opinion delivered by Judge Holt.

The 1924 amendment to this section (Acts 1924, c. 318) was not involved in either of the above cases. This amendment was decisive in *Horsman* v. *Richmond, etc., Ry. Co.*, 155 Va. 934, 157 S. E. 158, and *Williamson* v. *Wellman,* 156 Va. 417, 158 S. E. 777. In the former case, it was held that an acceptance of compensation constituted an election, which under the statute barred the injured employee from proceeding against a negligent third party.

In the *Williamson Case,* it was held that an employer who had paid compensation, might, in the name of the employee, maintain an action against a negligent third party for injuries inflicted upon the employee, but inasmuch as the legislature had prohibited the employee from participating in such recovery, the court limited the recovery by the employer to the amount expended, or which was liable to be expended, for and in behalf of the employee under the workmen's compensation act, Code 1930, section 1887 (1) *et seq.* We saw no valid reason why an employee who was injured by the negligence of a third party should not be permitted to recover full compensation for his injury, the employer to be reimbursed out of such recovery for the sums expended, or to be expended, by him for and in behalf of the employee, the balance, if any, to be paid to the employee, but the mandate of the legislature was otherwise, and we enforced the statute as the legislature had written it.

The plaintiff objects to the application of this rule in this case because no plea in bar alleging payment and acceptance of compensation under the statute was filed. The defendant moved to require the name of the employer to be inserted in the notice of motion. The court, following the decisions prior to the 1924 amendment, stated that would be done after the verdict. The plaintiff made no objection to this ruling. In fact, it was made because of his objection to the motion. The defendant did object and except to the ruling. The plaintiff thereby admitted that he had elected to accept compensation, which bars his participation in an action for recovery. Such a plea would not bar an action by the employer, either in his own name or in the name of the employee, but the fact of acceptance by the employee of payment under the act limits the amount of recovery by the employer. This fact, or rather the fact that an insurance carrier, by paying compensation to the plaintiff,

has been substituted to the rights of the employer, appears in the plaintiff's brief in the following language:

"This is an action brought by The Travelers Insurance Company in the name of W. F. Mitchell for the benefit of itself, it having paid the benefits of the workmen's compensation act to said W. F. Mitchell."

This brings the case squarely within the principle announced in *Horsman* v. *Richmond, etc., Co., supra,* and *Williamson* v. *Wellman, supra.*

In the progress of the trial, the defendant company cross-examined the plaintiff on, and introduced in evidence, a prior written statement signed by him, for the purpose of contradicting him. To this cross-examination and the introduction of this statement the plaintiff's counsel interposed objections, which were overruled, and this is assigned as cross-error. The defendant company urges that the last sentence of Code, section 6216, the result of the revision of the Code of 1919, does not apply to parties litigant.

It is unnecessary in this case to decide whether the words, "a witness," as used in this section include real parties, because it is admitted that W. F. Mitchell is only a nominal plaintiff and that the real plaintiff is The Travelers Insurance Company. Declarations or admissions of formal, or nominal, parties to proceedings are not, as a general rule, admissible against real parties in interest. See 1 R. C. L., page 486. In this case, W. F. Mitchell comes within the terms of the provision and the use and admission of the written statement for the purpose of contradicting his evidence was erroneous, and we have so treated it in our discussion of the evidence.

The plaintiff also assigns as cross-error the admission of any testimony tending to show that there were wet leaves upon the track. Suffice it to say, that this evidence was admissible under the general issue and the wording of the grounds of defense was sufficiently broad

to admit its introduction, and that the plaintiff interposed no objection to these grounds of defense.

For the reasons stated, the judgment of the court is reversed and the case remanded for the insurance carrier to prove the amount of compensation it has paid, or is liable to pay, to or on behalf of the employee under the workmen's compensation act.

*Reversed and remanded.*

EPES, J., dissenting.

## ON REHEARING.

Richmond, January 12, 1933.

HUDGINS, J., delivered the opinion of the court.

A rehearing in this case was granted for fear that some expression in the original opinion might be construed to deny to the plaintiff in the trial court recovery for reasonable expenses and attorney's fee incurred.

Subsection 12 of section 1887 of the Code (workmen's compensation act), prior to the 1932 amendment (chapter 279), as construed in *Horsman* v. *Richmond, F. & P. R. Co.*, 155 Va. 934, 157 S. E. 158; *Williamson* v. *Wellman*, 156 Va. 417, 158 S. E. 777; and *Tyler Corporation* v. *Evans*, 156 Va. 576, 159 S. E. 393, provided that when an employee, injured by the negligent act of a party other than the employer, elected to accept an award under the act, he was forever barred from any recovery from the tort feasor. The acceptance of the award constituted an assignment of the right of action to his employer or the insurance carrier. If in such action, instituted for the benefit of the employer, or carrier, against the tort feasor, the amount of damage suffered by the injured employee and allowed by the jury exceeded the sum the employer was required by the act to pay the employee, he (the employer, or carrier) is permitted reimbursement for reasonable expenses and attorney's fees incurred. In no

event, however, should the award, the expenses and the attorney's fee exceed the damage suffered by the employee or allowed by the jury. These items are expressly named in the fourth paragraph of subsection 12. *Horsman* v. *R., F. & P. R. Co., supra; Tyler Corp.* v. *Evans, supra;* and *N. & W. Ry. Co.* v. *Faris,* 156 Va. 205, 157 S. E. 819, held that the injured employee, when he has elected to accept compensation under the act, is limited to the amount fixed thereby. The case of *Williamson* v. *Wellman, supra,* limited the amount the employer might recover to the sums paid, or which he was liable to pay, the injured employee, plus reasonable expenses and attorney's fee, if incurred.

If, in the judgment of the jury, the damage suffered by the employee exceeded these sums, the tort feasor was, to the amount of the excess, benefited by the act.

The jury, in the case at bar, found the amount of damage suffered by Mitchell to be $1,500, but the record does not reveal the amount of the award, the expenses and attorney's fee incurred by the plaintiff below. For that reason final judgment could not be entered in this court, and the judgment was, and is, reversed, with direction to ascertain these facts.

It is useless to discuss the matter further, for by the 1932 amendment to the act it seems that in such actions instituted by or for the benefit of an employer or carrier, the injured employee, or his personal representative, is entitled to "the full amount of any recovery against a third (negligent) party less the amount of compensation paid or payable and other expenses provided for in this act," and, to that extent at least, the legislature intended to modify the decisions in the cases cited.

While we think the plaintiff in error has substantially prevailed, within the meaning of Code, section 3528 (see *Douglas Land Co.* v. *T. W. Thayer Co.,* 113 Va. 239, 74 S. E. 215), and hence is entitled to recover its

cost in this court, in ascertaining the reasonableness of the attorney's fee the trial court or jury should consider the work involved in the preparation and presentation of the case in this court.

With this *addendum* we adhere to the former opinion, and for the reasons stated the judgment of the trial court is reversed and the case remanded for the purposes herein stated.

*Reversed and remanded.*