# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

WILLIAM A. CORRIGAN v. DAVID STORMONT, JOHN PARTLETT
AND J. A. STORMONT.

June 15, 1933.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and
Browning,, JJ.

The opinion states the case.

*C. C. Sharp* and *James G. Martin,* for the plaintiff in error.

*W. R. Ashburn* and *N. T. Green,* for the defendants in error.

Hudgins, J., delivered the opinion of the court.

William A. Corrigan, an employee of the town of Virginia Beach, while engaged in performing duties incident to his employment, was on January 29, 1931, injured by an automobile driven by David Stormont. For these injuries Corrigan accepted an award under the provisions of the Workmen's Compensation Act (Code 1930, section 1887 (1) *et seq.*), which was paid in part and liability assumed by the insurance carrier, the Independence Indemnity Company of Philadelphia. Within a year from date of the injury, an action in the name of Corrigan was instituted against David Stormont and his associates in business to recover damages for the injury which Corrigan had sustained. More than a year from January 29, 1931, defendants filed a plea alleging that the acceptance of the award was a bar to the action.

The court denied permission to amend the notice of motion, to the effect that the action was brought for the benefit of William A. Corrigan and the Independence Indemnity Company. Thereupon plaintiff offered to file a special replication to the plea, set out in the record as follows:

"That for special replication the plaintiff says that this suit was instituted in the name of William Corrigan by authority, and through the attorney for the Independence Indemnity Company of Philadelphia, who had paid him compensation under an award, but were using the name of the injured party pursuant to statute as we maintain. Therefore, the plaintiff's suit can be maintained by the Independence Indemnity Company in the name of William A. Corrigan with proper endorsement on the order as heretofore offered."

To prove the allegations in this replication, one of the attorneys representing plaintiff was called as a witness. He testified that the amount of the award was $1,812.50 and $158.50 medical expenses; that the insurance carrier had

paid $1,222.50 of the award and had authorized him to bring this action, which he had instituted with the consent and in the name of the injured employee. On cross-examination, he stated that at the time the action was begun he believed that the injured employee would be benefited by any recovery in excess of the award, expenses and attorney's fee; that the action would have been brought by the insurance carrier whether or not the injured employee had given his consent; that William A. Corrigan had determined to bring an action for damages against these defendants, notwithstanding the fact that he had accepted the award, and that after an interview with him as attorney for the insurance company Corrigan had also authorized this action to be instituted. The trial court rejected the replication and the evidence and entered judgment for defendants.

Section 12 of the Workmen's Compensation Act, as amended by the act of 1930 (Code, section 1887(12)), in part reads thus:

" * * * provided, however, that where such employee, * * * may have a right to recover damages for such injury, * * * from any person or persons other than such employer, he may institute an action at law against such third person or persons before an award is made under this act and prosecute the same to its final determination, but * * * the acceptance of an award hereunder, * * * shall be a bar to proceeding further with the alternate remedy; * * *."

This provision was construed in *Horsman* v. *Richmond, etc., R. Co.*, 155 Va. 934, 157 S. E. 158, in which it was held that the statute meant what it said, that an acceptance of an award was a bar to the institution and maintenance of an action by the injured employee against the *tort feasor*. In that case, the injured employee offered to amend his declaration by inserting that the action was brought for the benefit of the employer, the employee and the insurance carrier, but it did not appear what interest, if any, the employer had in the outcome of the litigation, nor did it appear that the insurance carrier had authorized

the bringing of the action for its benefit. Under these circumstances, the court held that the provisions of the act quoted above barred the injured employee from recovery.

In *Williamson* v. *Wellman,* 156 Va. 417, 158 S. E. 777, 780, this was said: "* * * the indorsement on the writ stated that the action was for the benefit of the employer and the plaintiff as their respective interests might be shown. This amendment was made with the knowledge and consent of the employer, who was present by its attorney."

In *Tyler Corporation* v. *Evans,* 156 Va. 576, 159 S. E. 393, 394, Evans, an employee of Hall-Hodges Company, was injured by the negligence of a party other than his employer. For these injuries, he applied for and received an award from the Industrial Commission; subsequently he brought an action against a negligent third party and recovered damages for the same injury. On a writ of error to this court, Chief Justice Campbell, in an opinion reversing the case, said:

"It is virtually conceded by counsel for Evans, that, if the *Williamson Case* has correctly stated the doctrine, then the action of the trial court in rendering judgment on the verdict of the jury constitutes error. But it is argued that the decision in the *Williamson Case* 'is contrary to the reason and spirit of the statute' and should be overruled. A careful reconsideration of the doctrine there laid down confirms our view that in the present state of the workmen's compensation law, as pointed out in the opinion, that case should not be overruled.

"Our conclusion is that the case at bar is ruled by the decision in *Williamson* v. *Wellman, supra.* Therefore, the action of the trial court in sustaining the motion of plaintiff constitutes reversible error."

Mr. Justice Gregory, speaking for the court in *Solomon* v. *Call,* 159 Va. 625, 166 S. E. 467, 468, said:

"However, the employer who has paid compensation under the act may, in the name of the employee, maintain an

action against a negligent third person for injuries inflicted upon the employee."

These extracts from the different opinions are based upon the statute itself (section 12), the pertinent parts of which are:

"Where any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its *own name or in the name of the injured employee* or his personal representative." (Italics supplied.)

There can be no doubt of the fact that an insurance carrier who has paid compensation to an injured employee, or assumed the liability of the employer therefor, has a right to institute and conduct an action against a third person whose negligence caused the injury to the employee, either in its own name or in the name of the injured employee. The only question not expressly decided by the cases cited is: Can the name of the insurance carrier be incorporated in the notice or declaration by amendment after the statute of limitations, if pleaded, constitutes a bar to the action?

Whether such amendment should be allowed depends upon the circumstances. If the action was in fact instituted for the benefit of the insurance carrier in the name of the injured employee, it should make no difference when the amendment is made. The insurance carrier in so instituting and conducting such litigation is exercising a right given it in express terms by the statute.

When a *tort feasor* other than an employer pleads the acceptance of an award in bar of the action he is invoking the provision of the same statute adopted primarily for the benefit of the employee. The plea is in the nature of a confession and an avoidance. In effect, it admits that the employee has suffered the damages, but has received compensa-

tion therefor, and hence should not be allowed to recover double compensation for the same injury.

The legislature realized this situation and hence it gave the injured employee the right to elect from which of the two parties he would seek compensation. When such an employee receives compensation from his employer the payment is treated as a part of the costs of conducting that particular business. This is true whether the employer is a self-insurer or pays an insurance company to carry the risk for him. This provision standing alone enables a third party to escape all liability for his negligent act. To avoid such a result, the legislature in the same section gives to an employer or an insurance carrier, whichever has paid or assumed liability for the injury, the right to institute an action for recovery of damages which the employee has sustained.

When defendants alleged and proved that William A. Corrigan, by accepting the award, had made his election not to proceed against them, this constituted a bar to the action only to the extent that Corrigan could not maintain the action in his own name and for his own benefit. When the insurance carrier offered its replication and proof showing that it had authorized the institution of the action and that pursuant to this authority the action in its behalf was begun before the statute of limitations had run, it was error to reject the replication and proof in support of it.

The amendment offered did not change the nature of the action. Defendants' defenses, if they have any, are necessarily the same whether the action is brought in the name of the insurance carrier or of William A. Corrigan. The issues before the jury are the same as in any other action to recover for injuries to the person. In the event that the amount of damages found by the jury exceeds the amount of the award, reasonable expenses and attorney's fee, the court, or, if the parties require it, the jury, should ascertain the total of these amounts and the recovery be limited to the amount so found. *Williamson* v. *Wellman, supra; Tyler Corporation* v. *Evans, supra; Solomon* v. *Call,*

*supra,* and *Virginia Electric & Power Co.* v. *Mitchell,* 159 Va. 855, 164 S. E. 800, 167 S. E. 424.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded.

*Reversed.*