**BETTS et al. v. SOUTHERN RY. CO.**
No. 3596.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

NORTHCOTT, Circuit Judge, dissenting.

Murray Allen, of Raleigh, N. C. (Thomas Creekmore and Thos. W. Ruffin, both of Raleigh, N. C., on the brief), for appellants.

Richard C. Kelly, of Greensboro, N. C. (Willis Smith, of Raleigh N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment dismissing an action for wrongful death, brought in the North Carolina courts under the Virginia wrongful death statute. The judgment was entered upon an answer in the nature of a plea in abatement; the allegations of which were admitted, setting up the acceptance of an award by the widow of decedent under the North Carolina Workmen's Compensation Act in bar of the right of plaintiff to maintain the action further. The facts, as to which there is no dispute, are as follows:

On April 4, 1932, one E. G. Betts, a resident of North Carolina and an employee of the Lafayette Transit Company, a corporation of that state, was killed by a train of the Southern Railway Company at a crossing near the city of Danville in the state of Virginia while driving a truck in the course of his employment. On October 15, 1932, this action was instituted by his administrator against the railway company to recover damages on account of his death. The action was instituted in the superior court of Wake county, N. C., but was subsequently removed into the federal court. On December 10th the defendant filed answer denying negligence and pleading contributory negligence on the part of decedent in bar of recovery.

While the action was pending, the widow of decedent, having applied for compensation for the death of her husband under the North Carolina Workmen's Compensation Act, was awarded compensation in the sum of $10.80 per week for 300 weeks and certain costs and expenses. This award was confirmed by the full commission on April 4, 1933; but in the meantime, to wit, on March 22, 1933, the New Amsterdam Casualty Company, the insurance carrier against whom the compensation had been awarded, filed in the wrongful death action pending against the railway company in the federal court a notice that the award had been made; that it was making the payments awarded; that it was subrogated to the right of action growing out of the death of decedent; and that it elected to prosecute suit in the name of the administrator against the railway company for damages on account of his death.

On August 10, 1933, defendant filed a plea in abatement by way of amendment to its answer pursuant to the North Carolina practice, setting up the acceptance of the award by the widow of decedent, and averring that such acceptance was a bar to the further prosecution of the action, as the widow was the sole beneficiary under the Virginia wrongful death statute (Code Va. 1930, § 5786 et seq.), and the action had not been instituted for the benefit of the employer or insurance carrier and could not be maintained for the benefit of either. The District Judge sustained this plea, and, from judgment thereon dismissing the action, the plaintiff administrator has appealed.

The question of conflict of laws involved is not without difficulty; but from certain rules that are well settled we think that the rule properly applicable can be deduced.

In the first place, there is no question but that all matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred. Ormsby v. Chase, 290 U. S. 387, 54 S. Ct. 211, 78 L. Ed. 378; 8 R. C. L. 737. In the second place, it is equally clear that the rights of employer, employee, and insurance carrier under a workmen's compensation statute are governed by the law of the state of the statute. Bradford Electric Co. v. Clapper, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026, 82 A. L. R. 696. The acceptance of compensation under the law of one state cannot affect the right to pursue a remedy against a third person under the wrongful death statute of another, unless there is something in the law of the latter which so provides. And, on the other hand, the law of the latter cannot affect the right to compensation under the law of the state of employment unless the law of that state so provides.

The question here relates to the assignment of the right of recovery against a third person under the wrongful death statute of one state as the result of acceptance by the beneficiary of compensation from the employer under the compensation act of another. And, in the absence of any provision to the contrary in the law of the state of the injury, we think that such assignment is governed by the law under which the compensation is accepted. If, as here, the person entitled to the recovery under the law of the state of the injury is the person to whom compensation is paid, no complication results; for in such case the beneficiary, by accepting the compensation, impliedly agrees to the assignment which the law directs, and is estopped from disputing the rights of the person claiming under the assignment. If the beneficiary under the death statute is a different person from the one entitled to compensation under the compensation act, there is likewise no complication; for the right of the beneficiary to recover could not be affected by compensation paid some one else under the law of another state, and the right of the person entitled to compensation could not be affected by the fact that the law of another state gave a right of recovery to some one else. Here the person for whose benefit the action is given under the Virginia statute is the person entitled to compensation under the North Carolina statute; and the acceptance of compensation under the latter statute, upon the principles above stated, results in the assignment thereunder of the beneficiary's right in the recovery under the Virginia statute unless there is something in the law of Virginia which forbids the assignment or takes away the right of recovery because of the acceptance of compensation under the law of another state.

There is nothing in the law of Virginia which affects the right of action. The defendant relies upon section 12 of the Workmen's Compensation Act of Virginia (Acts Va. 1918, c. 400), as amended by the Act of 1930 (c. 158), the pertinent portion of which is as follows: " * * * Provided, however, that where such employee, * * * may have a right to recover damages for such injury, * * * from any person or persons other than such employer, he may institute an action at law against such third person or persons before an award is made under this act, and prosecute the same to its final determination, but * * * the acceptance of an award hereunder, * * * shall be a bar to proceeding further with the alternate remedy. * * * "

The recent case of Corrigan v. Stormont, 160 Va. 727, 170 S. E. 16, relied upon by defendant, interprets this statute as requiring that an action instituted against a third person by an injured employee for his own benefit, and without the authorization of the insurance carrier, must be abated upon the acceptance of an award under the act, although it may be continued for the benefit of the insurance carrier if such carrier originally authorized that such action be instituted. Even if this statute were applicable, the question would arise whether the notice filed in the action by the insurance carrier, which was filed within twelve months of the death of decedent, should not be treated as in effect the commencement of an action for the benefit of the carrier as allowed by another provision of the same section. But we do not think that the Workmen's Compensation Law of Virginia has any application. The section which we have quoted, by its express terms, applies only where an award under the Virginia Compensation Act is accepted; and no award under that act has been accepted here. No statute of Virginia has been called to our attention, and we know of none, which purports to take away any rights under the wrongful death statute because of action taken under the compensation act of another state.

It is argued that, as the right of recovery is given by the Virginia statute in favor of certain relatives of the decedent therein named, and as after the acceptance of an award

under the North Carolina Compensation Act the recovery is for the benefit of persons not mentioned in the Virginia statute, at least to the extent of the recovery in favor of the insurance carrier, the action cannot result in the recovery provided for in the Virginia statute, and should therefore be abated. If this reasoning were adopted, the defendant would escape liability on a ground in which, as the Supreme Court of North Carolina has said, it has no interest, i. e. in how the recovery against it is to be distributed; and in this connection it is not amiss to recall the saying of Mr. Justice Brogden, in Brown v. R. R., 204 N. C. 668, 169 S. E. 419, 420, that "the statute was not designed as a city of refuge for a negligent third party," but "primarily to secure prompt and reasonable compensation for an employee, and at the same time to permit an employer or his insurance carrier, who had made a settlement with the employee, to recover the amount so paid from a third party causing the injury to such employee."

The Virginia statute, as applied to this case, authorizes suit by the personal representative for the benefit of the widow. The acceptance by the widow of compensation and the transfer of a pro tanto interest in the recovery to the insurance carrier is beneficial to the widow, and the assignment of an interest in the recovery as the result of the acceptance of compensation is no concern of defendant. If such an assignment be contrary to the law or public policy of Virginia under whose law the cause of action is created, it results, not that the action would fail, but that the assignment would fail. But neither need fail. The assignment of an interest in the recovery was authorized by the law of the state where the assignment was made, and this assignment conflicts in no way with the law of Virginia creating the cause of action.

■ North Carolina and Virginia have wrongful death statutes and workmen's compensation laws. If a third person is liable for damages for death of an employee in the state of the employment, there is no question but that the acceptance of compensation does not preclude action being maintained against such third party—in Virginia for the reimbursement of the employer or insurance carrier, and in North Carolina for the reimbursement of the employer or insurance carrier and, as to any excess, for the benefit of the beneficiaries of the estate of the deceased employee. It cannot be that the action is defeated where the death occurs in one state and the employment is in the other, merely

because the assignment of the cause of action, which occurs on acceptance of compensation, results in vesting an interest in one who has paid the compensation and who would not otherwise have had an interest in the recovery under the death statute.

■ We come then to the question as to whether there is anything in the law of North Carolina by reason of which the right of the administrator of decedent to maintain this action has been defeated as a result of the widow's acceptance of compensation under the North Carolina Compensation Act. We do not think that there is. That act provides that the acceptance of an award thereunder shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative may have against a third person for such injury or death, and that, where the employer is insured against liability for compensation, any insurance carrier paying or assuming liability for compensation for which the employer is liable shall be subrogated to the rights of the employer, with the provision that any amount collected thereunder in excess of the compensation for which the employer is liable shall be held for the benefit of the injured employee or other person entitled thereto. Acts of 1929, c. 120, § 11, N. C. Code of 1927, 1929 Supplement, § 8081 (r). In Brown v. Southern Ry. Co., 202 N. C. 256, 162 S. E. 613, 618, the Supreme Court of North Carolina pointed out that, because of the provisions of the act, the employer was not a joint tort-feasor, and that acceptance of the award would not discharge a third person whose negligence had contributed to the injury or death of the employee. As to the effect of the acceptance of an award in such cases, the court said: "The payment by the Chero-Cola Bottling Company or by its insurance carrier of the award made or approved by the North Carolina Industrial Commission is not a bar to the prosecution by the plaintiff of this action against the defendants J. E. Divelbliss and Southern Railway Company. This action is expressly authorized by statute, and neither the Chero-Cola Bottling Company nor its insurance carrier is a necessary or proper party, although they are primarily the beneficiaries in whose behalf the action is prosecuted by the plaintiff as the personal representative of the deceased employee, C. S. § 449. The statute provides for the distribution of the amount recovered in the action, if any, and neither the defendant J. E. Divelbliss nor the defendant Southern Railway Company has any interest in such distribution."

 Whether the employer or insurance carrier who has paid compensation may proceed in the action which has been instituted against a third person by an injured employee or his personal representative, or must institute a new and independent action, is clearly a question of procedure governed by the law of the state of the forum, which in this case is North Carolina; and there can be no question but that under the law of that state it is proper to proceed in the action which has been instituted. North Carolina Code of 1927, §§ 446, 461; Phifer v. Berry, 202 N. C. 388, 163 S. E. 119; McCarley v. Council, 205 N. C. 370, 171 S. E. 323. In the case last cited it is pointed out that, where action has been instituted by an injured employee who subsequently accepts an award of compensation, the insurance carrier should be made a party plaintiff; but this is not necessary in the case of suit instituted by the personal representative of a deceased employee. Such personal representative continues the suit which has been commenced; but, after the acceptance of an award of compensation, the recovery goes, so far as necessary, to the reimbursement of the insurance carrier and only the excess to the persons entitled under the wrongful death statute. All that would seem to be necessary in such case is for the insurance carrier to notify the personal representative in some proper manner of his interest in the recovery, and that was done in this case by notice duly filed in the cause.

For the reasons stated, the judgment dismissing the action will be reversed.

Reversed.

NORTHCOTT, Circuit Judge (dissenting).

As stated in the majority opinion "all matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred." Ormsby v. Chase, 290 U. S. 387, 54 S. Ct. 211, 78 L. Ed. 378. Were this suit brought in Virginia it could not be maintained. To hold that under the North Carolina statute a suit not maintainable in Virginia, where the accident happened, is maintainable in North Carolina, would give to the North Carolina statute an extraterritorial effect. The North Carolina statute cannot create rights in a beneficiary not given by the Virginia law. Ormsby v. Chase, supra; McGinnis v. Missouri Car & Foundry Co., 174 Mo. 225, 73 S. W. 586, 97 Am. St. Rep. 553; 8 R. C. L. 762.

For this reason I am of the opinion that the judgment of the court below should be affirmed.